# COUNTY OF PISCATAQUIS.

## SUMNER A. PATTEN *versus* ANDREW WIGGIN.

Physicians and surgeons who offer themselves to the public as practitioners, impliedly promise thereby, that they possess the requisite knowledge and skill to enable them to treat such cases as they undertake with reasonable success.

This rule does not require the possession of the highest, or even the average skill, knowledge, or experience, but only such as will enable them to treat the case understandingly and safely.

The law also implies that, in the treatment of all cases which they undertake, they will exercise reasonable and ordinary care and diligence.

They are also bound always to use their best skill and judgment in determining the nature of the malady and the best mode of treatment, and in all respects to do their best to secure a perfect restoration of their patients to health and soundness.

But physicians and surgeons do not impliedly warrant the recovery of their patients, and are not liable on account of any failure in that respect, unless through some default of their own duty, as already defined.

If the settled practice and law of the profession allows of but one course of treatment in the case, then any departure from such course might properly be regarded as the result of want of knowledge, skill, experience, or attention.

If there are different schools of practice, all that any physician or surgeon undertakes is, that he understands, and will faithfully treat the case according to the recognized law and rules of *his* particular school.

ACTION, ASSUMPSIT on account annexed. One portion of the account is for professional services as a physician, in attendance on defendant's minor son.

The defence to this portion of the claim was malpractice in the treatment of the patient, and such ignorance, want of skill and judgment on the part of the plaintiff in managing professionally the case under his care, that the patient was more injured than benefitted by his treatment, and that on the whole case he was not reasonably entitled to recover anything for his services.

Evidence was introduced on both sides as to such treatment and management by the plaintiff, during the whole time the patient was under his care.

The Court (Judge KENT) instructed the jury that, if the plaintiff had been guilty of malpractice, or neglect, or want of ordinary care and skill, within the rules hereafter stated, it would be a defence to that part of the claim which related to the treatment of plaintiff's son, — and the Court instructed the jury as follows : —

1. When a man offers himself to the public or to patients as a physician or surgeon, the law requires that he be possessed of that reasonable degree of learning, skill, and experience which is ordinarily possessed by others of his profession who are in good standing as to qualifications, and

which reasonably qualify him to undertake the care of patients.

This rule does not require that he should have the highest skill, or largest experience, or most thorough education, equal to the most eminent of the profession in the whole country; but it does require that he should not, when uneducated, ignorant, and unfitted, palm himself off as a professional man, well qualified, and go on blindly and recklessly to administer medicines, or perform surgical operations. The rule above stated is the true one.

But a physician qualified within this rule may be guilty of negligence or malpractice.

2. The law requires, and implies, as part of the contract, that when a physician undertakes professional charge of a patient, he will use reasonable and ordinary care and diligence in the treatment of the case.

3. The law further implies, that he agrees to use his best skill and judgment, at all times, in deciding upon the nature of the disease, and the best mode of treatment, and the management generally of the patient. The essence of the contract is, that he is to do his best — to yield to the use and service of his patient his best knowledge, skill, and judgment, with faithful attention by day and night as reasonably required. But there are some things that the law does not imply or require. He is not responsible for want of success in his treatment, unless it is proved to result from want of ordinary care, or ordinary skill and judgment. He is not a warranter of a cure, unless he makes a special contract to that effect. If he is shown to possess the qualifications stated in the first proposition, to authorize and justify him in offering his services as a physician, then, if he exercises his best skill and judgment, with care and careful observation of the case, he is not responsible for an honest mistake of the nature of the disease, or as to the best mode of treatment, when there was reasonable ground for doubt or uncertainty.

If the case is such that no physician of ordinary knowl-

edge or skill would doubt or hesitate, and but one course of treatment would by such professional men be suggested, then any other course of treatment might be evidence of a want of ordinary knowledge or skill, or care and attention, or exercise of his best judgment, and a physician might be held liable, however high his former reputation. If there are distinct and differing schools of practice, as Allopathic or Old School, Homœopathic, Thompsonian, Hydropathic, or Water Cure, and a physician of one of those schools is called in, his treatment is to be tested by the general doctrines of his school, and not by those of other schools. It is to be presumed that both parties so understand it. The jury are not to judge by determining which school, in their own view, is best. Apply these rules to the evidence.

Then, as to medical and surgical treatment of the case, — was there, or was there not, a want of ordinary skill and judgment, such as to render the plaintiff liable within the above rules — such evidence as satisfies you that he either did not possess the education, judgment, and skill which authorized him to undertake the case and enabled him to treat it with ordinary skill, or that he was guilty of that neglect or carelessness in the treatment or investigation of the case which showed that he did not faithfully and honestly apply his skill, and knowledge, and best judgment.

Defendant requested the Court to give the following instruction : —

A physician who, upon request and in consideration of being paid for his services, takes charge of the case of a diseased person, warrants that he possesses and promises to exercise the knowledge, skill, and care requisite to enable him to understand the nature of his disease, and to treat it properly, but the degree of such knowledge, skill and care is not that which is possessed and exercised by physicians of the highest knowledge, skill and care, but it is that possessed by physicians of ordinary knowledge, skill and care.

The Judge declined to give this, except as given in former instructions.

The Judge, in his charge, also instructed the jury, that in cases where authorities differ, or "doctors disagree," the competent physician is only bound to exercise his best judgment in determining which course is, on the whole, best.

Verdict for plaintiff for the amount of his bill, to which rulings and refusal the defendant excepted.

The case, on the exceptions, was argued before the Law Court at the May term, 1862, and the rulings of the Judge at the trial were sustained.

*C. A. Everett* and *J. H. Rice*, for plaintiff.

*A. Sanborn*, for defendant.

The opinion of the Court was drawn up by

APPLETON, C. J.—The instructions given were correct. Indeed, the propriety of most of them is not controverted. A plaintiff, in a suit against a physician for malpractice, must prove "that the defendant assumed the character and undertook to act as a physician, without the education, knowledge and skill which entitled him to act in that capacity; that is, he must show that he had not reasonable or ordinary skill; or, he is bound to prove, in the same way, that having such knowledge and skill, he neglected to apply them with such care and diligence, as, in his judgment, properly exercised, the case must have appeared to require; in other words, that he neglected the proper treatment from inattention and carelessness. *Leighton* v. *Sargent*, 7 Foster, 460. The same facts which would authorize a recovery for malpractice would constitute a defence in a suit for professional services. Physicians do not warrant the success of their prescriptions. "The law," remarks Mr. Justice WOODWARD, in *McCandless* v. *McWha*, 22 Penn., 261, "demands *qualification* in the profession practised; not extraordinary skill, such as belongs only to few men of rare genius and endowments, but the degree which ordinarily characterizes the profession." The same views of the law were laid down in *Simonds* v. *Henry*, 39 Maine, 155.

The instructions given were in accordance with the well settled principles of law. The one requested, had been given in substance. If other instructions had been desired, they should have been requested.

*Exceptions overruled.*

RICE, CUTTING, DAVIS and KENT, JJ., concurred.