## JOHN P. WYATT v. JOHN HERRING.

*Pleading—Common counts—Nominal damages—Costs.*

Plaintiff counted specially upon defendant's agreement to pay him $400 for effecting a sale of certain real estate, and added the labor and money counts. He recovered a judgment for $300 in justice's court, from which the defendant appealed, and on the trial at the circuit plaintiff confined his evidence to proof of the agreement set forth in the special count, its performance on his part, and its breach by the defendant. Defendant admitted that he agreed to pay plaintiff liberally if he would find a man who would buy or trade for the property, but denied that he agreed to pay $400, as claimed by plaintiff. No proof was made of the value of the services rendered by plaintiff, or what would be a liberal price therefor. Under the charge of the court that, unless they found that the contract was made as set forth in the special count, the plaintiff could not recover, the jury rendered a verdict for the defendant. And it is held:

*a*—That plaintiff could not abandon the theory on which he had tried the case, of a recovery under the special count, and recover the value of his services under the common counts, but that he was entitled to recover nominal damages.

*b*—That, as costs in an appeal case are largely within the discretion of the trial court, they might have been denied to the defendant if plaintiff had recovered a judgment for nominal damages, and that, in view of this fact, the instruction of the court which prevented such recovery was prejudicial error.

Error to Hillsdale. (Lane, J.) Submitted on briefs February 12, 1892. Decided March 11, 1892.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Guy M. Chester, W. J. Sampson,* and *E. I. Frankhauser,* for appellant.

*A. B. St. John* and *F. A. Lyon,* for defendant.

LONG, J. This is an action of *assumpsit* brought by plaintiff in justice's court.

Plaintiff declared specially as follows:

"For that whereas, heretofore, to wit, on or about September 15, 1889, the said defendant, John Herring, promised and agreed with the said plaintiff, John P. Wyatt, that if he, the said plaintiff, would sell or procure a sale of his (defendant's) mill property in the township of Allen, Hillsdale county, State of Michigan, consisting of a mill, store, and buildings connected therewith, he, the said defendant, would pay the sum of $400 for his services. Plaintiff further charges and avers that he did everything to be done and performed by him, and procured a sale of said premises in pursuance of said promise, and that said defendant has failed and refused to pay him, the said plaintiff, the said $400 for his said services. Plaintiff further charges and avers that, relying upon the said promises of said defendant, he rendered personal services and procured a sale of the defendant's said mill property, and that said property is situated on sections 21 and 28, in the said township of Allen, Hillsdale county, State of Michigan."

To this count were added the common counts for work and labor done and performed by plaintiff for defendant, and for money furnished and paid out for the use and benefit of the defendant. The plaintiff had judgment in justice's court for $300, and defendant appealed.

On the trial in the circuit court the plaintiff confined himself entirely to the special count in his declaration, and offered no proof whatever of any contract or cause of action other than that set forth in this special count. The plaintiff gave testimony tending to show that the defendant promised and agreed with him that, if he would sell this mill property, he would pay him the sum of $400 for his services, and that he did procure the sale of such property. The defendant claimed upon the trial, and he so testified, that he never promised plaintiff the sum of $400 if he found a purchaser for the property,

but that he agreed if plaintiff would find him a man who would buy or trade for the property he would pay the plaintiff liberally therefor. There was no testimony upon the trial showing, or tending to show, what the plaintiff's services were worth, or how much a liberal payment would amount to for the services rendered. The only evidence returned in the record, as certified by the trial judge, relates to the arrangement between the parties to procure a purchaser. The evidence regarding whether the plaintiff did or did not procure the purchaser is omitted from the record.

The court charged the jury upon this part of the case as follows:

"If you find the contract to have been that he should be paid $400 if he could find a purchaser, and not as Mr. Herring claimed it was, that he should pay him liberally if he found a purchaser, why, then, you find upon that issue for the plaintiff."

The court further charged the jury upon that question as follows:

"If you find that no such contract as the plaintiff claims was made, then I do not think that the plaintiff can recover, even if you find that such an arrangement was made as the defendant insists was made."

The jury returned a verdict in favor of the defendant. Plaintiff brings error.

The first assignment of error discussed in the brief of plaintiff's counsel relates to that part of the charge above quoted; and it is claimed that the court was in error, for the reason that it was the province of the jury to determine, from all the evidence and all the circumstances in the case, just what the parties understood and agreed upon, as the declaration contains the common counts in *assumpsit*, and, inasmuch as the parties did not agree as to what the contract was, it was a question for the jury. It is undoubtedly true that, had the plaintiff upon the

trial given testimony under his common counts showing what his services were worth for the work and labor performed by him for the defendant in procuring a sale of the property, he would have had a right to submit that question to the jury; but his whole case was based upon his special count, all of his testimony directed to the contract as claimed by him for the payment of $400. The case, therefore, falls directly within the ruling of this Court in *Wetmore v. McDougall*, 32 Mich. 276, and *Berringer v. Cobb*, 58 Id. 557. In the first of these cases it was said by this Court:

"During the entire trial of the cause, the plaintiff's counsel proceeded upon the theory of recovering upon the special count; and it was not until after the evidence was all in that he abandoned this view, and sought to recover upon the common counts."

This, it was held, he could not do.

It was said by Chief Justice MORSE in the other case cited:

"If he had given evidence under the special count, and proceeded all through the trial until the case went to the jury, he could not then, at the last moment, have abandonded it, and recovered under the common counts."

But the court was in error in directing that the plaintiff could not recover any amount. He was entitled to, at least, nominal damages. It was held in *Owen v. O'Reilly*, 20 Mo. 603, that where a plaintiff, in a suit for wages, proves services, but fails to prove their value, an instruction that he cannot recover is erroneous, as he is entitled to a nominal sum, at least. See, also, *Eaton v. Lyman*, 30 Wis. 46. The rule laid down by Mr. Sutherland in his work on Damages (1 Suth. Dam. 13) is as follows:

"The court will add nominal damages to the finding of a jury when necessary to such rights, as in the instance to carry costs. So a judgment which should have been

given for a plaintiff for nominal damages, but was rendered for the defendant, will be reversed if such damages will entitle the plaintiff to costs; otherwise a judgment which is only erroneous for not giving a plaintiff nominal damages will not be reversed, nor will a new trial be granted."

To the first point Judge Sutherland cites the case of *Eaton v. Lyman, supra,* and to the second point he cites *Hickey v. Baird,* 9 Mich. 32, and *Robertson v. Gentry,* 2 Bibb. 542. These cases sustain the text.• In *Hickey v. Baird* it appears that there was no proof of the value of the property levied upon, and judgment was given for defendant. The action was upon a contract for services in assisting in finding property to be levied upon. The contention was that the plaintiff, having proved the contract, though he did not prove the value of the property levied upon, one-third of the amount collected from which he was to have for such services, was entitled to, at least, nominal damages. It was held that the judgment would not be reversed for this reason, as under the statute nominal damages would not carry costs.

That the plaintiff rendered services for defendant in this case is not disputed upon the record. According to his testimony, he was to have $400 for such services. The jury found against him on that proposition. The defendant does not deny but that plaintiff was to be paid liberally if the services were rendered. The plaintiff being entitled, therefore, under such circumstances, to nominal damages, the only question for our consideration here is, would this judgment for nominal damages have affected the question of costs below?

The plaintiff had judgment in justice's court for $300, from which defendant appealed. If the plaintiff had recovered only nominal damages in the circuit court, the trial court would undoubtedly have denied him costs, as there was such a substantial reduction of the judgment

appealed from; but that would not necessarily carry costs to the defendant. Under the statute, such costs are largely within the judicial discretion of the trial court, and that court might have refused costs to the defendant. In view of this fact, we think that the error in the direction of the trial court to the jury, which pre⁻cluded the plaintiff from recovering his nominal damages, was prejudicial to the rights of the plaintiff, as it followed that, in that form, the judgment carried costs to the defendant.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.