## VANDENBERG *v.* SLAGH

1. Physicians and Surgeons —Claim for Services — Malpractice—Set-off.

    Under proper pleadings, malpractice may be proven for the purpose of defeating a claim for services rendered by a physician or surgeon.

2. Justices of the Peace—Pleadings — Notice of Recoupment —Malpractice by Surgeon—Defense—Issues.

    Where a surgeon sues in justice's court for services, the pleadings being oral, a notice of special defense that the defendant will recoup for the negligent manner in which plaintiff performed the service is sufficient to authorize the giving on appeal of an instruction that the plaintiff cannot recover if the jury find he did his work in such a careless and negligent manner as to produce an injury to the patient. Grant and Hooker, JJ., dissenting.

    150 Mich.—15.

. Case made from Ottawa; Padgham, J. Submitted April 16, 1907. (Docket No. 57.) Decided December 10, 1907.

Assumpsit by John W. Vandenberg against Conrad B. Slagh for services rendered. There was judgment for plaintiff, and defendant appeals. Reversed.

*Smedley & Corwin,* for appellant.

*Diekema & Kollen,* for appellee.

GRANT, J. The plaintiff, a surgeon, sued to recover the value of services of himself and assistants in setting the broken arm of the defendant's son at the defendant's request. The plea of the general issue was accompanied by a notice of recoupment, for such negligent treatment that the son is unable to perform manual labor for the defendant, to his damage of $300, or under. The case was commenced in justice's court, and defendant has by successive appeals brought it to this court.

He claims that the testimony in the case warranted a finding that the services were valueless, and that the court erred in not instructing the jury that—

"If you find that the plaintiff and his assigns did their work in such a careless or negligent manner that it resulted in the young man, the defendant's son, having a stiff arm which disables him from using it like he does the other arm, then the plaintiff cannot recover, and your verdict should be 'No cause for action.'

"The plaintiff and the other doctors who assigned their claims to him, held themselves out to the public as physicians and surgeons, and the public have a right to expect, and the doctors hold themselves out as able to perform, the necessary surgical operations that they may be called upon to perform in the neighborhood where they live and practice their profession; and when these doctors undertook this surgical operation, the law implies a contract on their part, that they will do a good workmanlike job, and such an operation as would give the defendant's son the use of his arm for all practical purposes; and if they do not turn out a good operation and the result of their oper-

ation, through their carelessness or neglect, produces an injury to defendant's son which is permanent and disables him for life, then the plaintiff has no right to ask compensation which he would have a right to ask if the result of their operation had proved successful.

"If you find that the bad result of this surgical operation was the neglect on the part of the doctors to manipulate the arm, and that stiffness was the result of this neglect, then the plaintiff cannot recover and your verdict should be 'No cause for action.'

"The plaintiff sues for $125, the amount of the different doctors' bills; if you find that the doctors did their full duty and were not negligent in the performance of their duty, then you come to the consideration of the amount due the doctors. You have a right to consider the time spent by them, whether it was necessary to have three doctors the first day, and four doctors the second day, and whether the sums charged by each are reasonable under the circumstances. If you find that the doctors were not to blame for the condition you find the boy's arm is in, then you should give them such a sum as will compensate them for their labor; but if you find that the condition of the boy's arm is the result of carelessness or neglect on the part of the doctors, then the doctors have not performed their part of the contract, and your verdict should be 'No cause for action.'"

Counsel were not entitled to have their requests given. It was competent for the defendant to prove that these services were worthless, and if *there was any* proof going to that extent it might have led the jury to so find, but in the face of the testimony, it was at the most a question for the jury. The circuit judge could not properly have said, as a legal proposition, that if, through negligence of the plaintiff and his assistants, the result was a partially stiffened arm, there could be no recovery of any sum. He *did* not instruct them that they might find a verdict of no cause of action upon the ground that the services might be found valueless. It does not appear that he was requested to do so, plaintiff's counsel apparently relying on the claim that, if there was malpractice, there could be no recovery whatever, if it caused a stif-

fened arm, upon the theory that in such case the services had no value.

The learned circuit judge did say to the jury that they should find a verdict for the plaintiff, if they should find the services rendered, for such sums as they should find them reasonably worth. Evidence was offered tending to show that $125 (the price charged) was an unreasonable price if the result of plaintiff's negligence was a stiffened arm, and counsel say in their brief that—

" Physicians were also sworn on the part of defendant to show that the plaintiff did not begin to manipulate the elbow joint soon enough, and for that reason it became stiff. And also to show that if the arm, on account of the negligence of the plaintiff and his assigns, was a stiff arm, then the services were of no value, and this price of $125 was unreasonable."

But we fail to find that this statement has the support of the record. There appears to be no evidence of want of value except the fact of a partially stiffened arm as a result of plaintiff's negligence, and there was no indication that plaintiff's counsel contended that there was any such testimony, or any such question for the jury, though counsel insisted that the court should instruct the jury to find that plaintiff could not recover if a stiffened arm resulted from malpractice. Under these circumstances, the cause should not be reversed for the omission mentioned.

The question of recoupment was taken from the jury. The judge correctly held that the only damages which the defendant could recoup, upon this record, were for loss of services. This he would have left to the jury but for the fact that he was of the opinion that there was no evidence as to the amount of such damage. He said:

" The question is, Where is there any evidence in this case before you as to the amount of damage that he has sustained by his minor son's not being able to work for him ? That is the point. How many days ? How much a day or how much a year ? Or how long has the boy to work ? And all that sort of thing. Has there been any such

testimony in the case? I don't recollect of any at all; I may be mistaken about it but I cannot recollect now that there has been any such testimony in the case, as to how much the boy could' earn, how much he earned before, how much he earns now, how much he worked before, how much he worked since. There has been some testimony here that he worked upon the farm, that he plowed and raked and sowed and mowed and that sort of thing. But is there any testimony in the case upon which you could say under your oaths, if he has been damaged, how much he has been damaged, that you can take out of this $125, or has he been damaged so that you can say that the whole $125 should be taken out?"

All that the record shows upon this subject is that—

"Defendant offered evidence tending to show that the arm was partially stiff, and that the boy was unable to get his hand to his mouth. That it was his right arm that was broken, and that he was unable to reach his face with his right hand. That he could not move the arm as well as before, but only had a partial movement of the elbow joint. That he could plow, run the self-binder, handle creamery cans, and do other farm work."

The basis of defendant's claim of recoupment is the contract of employment. The law implies an agreement by the plaintiff to bring to its performance reasonable skill and care. If he failed to do this there was a breach of the contract, and, under the plea and notice, defendant was entitled to damages for the breach, to the extent of his injury, from lost or impaired service, if any is shown. In actions for breach of contract, nominal damages are recoverable upon proof of the breach. *Wyatt* v. *Herring*, 90 Mich. 584, and cases cited; but in order to recover substantial damages the plaintiff must offer evidence from which the loss can be computed with reasonable certainty. *Telfener* v. *Russ*, 145 U. S. 522; *Hibbard* v. *Telegraph Co.*, 33 Wis. 558; *Supreme Lodge Knights of Pythias* v. *Knight*, 117 Ind. 489 (3 L. R. A. 409); 2 Joyce on Damages, §§ 1282, 1283; 7 Current Law, p. 1038, note; 4 Enc. of Evidence, p. 6, and cases cited.

Under the evidence in this case, substantial damages and their amount are conjectural.

The judgment should be affirmed.

HOOKER, J., concurred with GRANT, J.

OSTRANDER, J.   The only question presented by the record is whether under the pleadings the evidence tending to prove malpractice should have been submitted to the jury.   It is the theory of defendant that the malpractice alleged may and should defeat in whole or in part a recovery by plaintiff.   None of the requests preferred indicate a claim on the part of defendant to recover against plaintiff a judgment for damages.   The entire subject of malpractice was withdrawn from the jury.   Under proper pleadings, malpractice may be proven for the purpose of defeating a claim for services rendered by a physician or surgeon.   *McLure* v. *Hart,* 19 Ark. 119; 16 Enc. Pl. & Pr. p. 534; *Howell* v. *Goodrich,* 69 Ill. 556; *McKleroy* v. *Sewell,* 73 Ga. 657; *Ressequie* v. *Byers,* 52 Wis. 650; *Jordahl* v. *Berry,* 72 Minn. 119 (45 L. R. A. 541); *Bellinger* v. *Craigue,* 31 Barb. (N. Y.) 534; *Patten* v. *Wiggin,* 51 Me. 594; *Whitesell* v. *Hill,* 101 Iowa, 629 (37 L. R. A. 830).   Our statute, 3 Comp. Laws, § 10426, reads:

"If any person professing or holding himself out to be a physician or surgeon shall be guilty of any malpractice, an action on the case may be maintained against such person so professing, and the rules of the common law applicable to such actions against licensed physicians and surgeons shall be applicable to such actions on the case; and such malpractice may be given in evidence in bar of any action for services rendered by such person so professing."

The action was begun in justice's court, the pleadings were oral, the notice of special defense as it is set out in the record was—

"Of recoupment for the negligent manner in which plaintiff performed the services for the recovery of which this suit is brought, to wit, setting the broken arm of

defendant's minor son in such a negligent manner that he is unable to perform manual labor for the defendant, to the defendant's damage of $300 or under."

This notice and the testimony introduced by both parties put in issue the negligence (malpractice) of the plaintiff and the assisting physicians. The record shows that the defendant's evidence tended to show that if the result had been a good arm with a flexible elbow joint, the price of $125 (the amount of the various items of charges made) would not be unreasonable, and the testimony also tended to show that if the arm, on account of the negligence of the plaintiff and his assistants, was a stiff arm, then the price of $125 was unreasonable. Each of the requests to charge sought to have the testimony applied to the determination of the right of plaintiff to recover; the second request correctly applies the law to the facts if the claim of the physicians was apportionable, the others as correctly state the law if it was not apportionable.

In my opinion, the requests to charge should be treated as a limitation of the demand of defendant under his notice of recoupment rather than as advancing a new and special defense of which no notice had been given. Any other ruling would rest upon a technicality which the rights of the plaintiff do not require to be employed. Defendant's second request should have been given and it was error to say to the jury after explaining to them a theory of defendant's claim of recoupment which did not include the point here discussed, that (I quote from the charge):

"In that view of the case my idea is, it is unnecessary to go into this question and leave this to you, whether the injury of this arm has been well attended to or whether it has not."

The judgment should be reversed, and a new trial granted.

McALVAY, C. J., and CARPENTER, BLAIR, MONTGOMERY, and MOORE, JJ., concurred with OSTRANDER, J.