# Barnard v. Schell, Appellant.

*Negligence—Physician and surgeon—Operation—Liability for leaving tube in incision—Standard of care to be exercised by surgeon.*

In an action to recover damages for personal injuries, sustained as the result of negligence by a surgeon in leaving a piece of drainage tube in an incision, judgment should be entered for defendant, where the evidence established that the use of the drain was proper; that the breaking thereof was not due to the negligence of the defendant, and that it would have been dangerous to the patient to attempt to remove it. In such case it was error to submit the case to the jury.

The duty imposed on a physician and surgeon is to apply such reasonable skill and diligence as is ordinarily exercised in his profession; and the test of such ordinary care, skill and diligence is that which physicians and surgeons in the same general neighborhood ordinarily have exercised in like cases, having regard to the advanced state of the profession at the time.

Where competent medical authority is divided, a physician will not be held responsible if, in the exercise of his judgment, he followed the course of treatment advocated by a considerable number of his professional brethren in good standing in his community.

Argued October 30, 1924. Appeal, No. 214, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 8778, in the case of Emilie Barnard v. J. Thompson Schell. Before ORLADY, P. J.,

PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ.  Reversed.

Trespass for alleged negligence in the performance of
a surgical operation.  Before LEWIS, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $1,500 and judg-
ment thereon.  Defendant appealed.

*Error assigned* was refusal of defendant's motion for
judgment non obstante veredicto.

*Ralph B. Evans,* for appellant, cited: Davis v. Kerr,
239 Pa. 351; Lonzer v. Lehigh Valley R. R. Co., 196 Pa.
610; Chalfonte v. Edwards, 173 Pa. 246; Stearns v.
Ontario Spinning Co., 184 Pa. 519; Sweeney v. Erving,
228 U. S. 233, at 240; Kay v. Metropolitan St. Ry. Co.,
163 N. Y. 447.

*William T. Connor,* and with him *John R. K. Scott,*
for appellee, cited: Shaughnessy v. Director General of
Railroads, 274 Pa. 413; Saucier v. Ross, 112 Miss. 306.

OPINION BY GAWTHROP, J., April 28, 1925:

This is an action in trespass against a surgeon for
malpractice.  From the judgment entered on a verdict
for plaintiff we have this appeal.

On May 7, 1920, plaintiff was admitted to the North-
western General Hospital, in Philadelphia, as a patient
of Dr. Aarons.  The next day she was operated upon by
defendant for the removal of her appendix.  The appen-
dix was found to be ruptured and purulent, so that it was
necessary to keep the incision open and to provide drain-
age to carry off the pus.  For that purpose defendant in-
serted into the incision what are known as cigarette
drains.  These are tubular pieces of soft rubber enclosing
strips of gauze, and invite drainage and carry off infec-

tion. They are cut to the required length at the time of the operation. In this case the incision made in plaintiff's abdomen was about nine inches deep and the drains extended to the bottom thereof. The drains were kept in the incision for five days, when they were removed and the wound was packed with sterile gauze. Plaintiff remained in the hospital until May 31st. During that time her wound was still open and continued to discharge. After she left the hospital she was under the care of Dr. Aarons until June 21st. Then she consulted Dr. Ritter and on or about June 24th she went to the hospital and saw defendant and complained to him that she was not satisfied with her condition and stated "there was something in there that was causing the delay" in healing. Defendant examined, probed and scraped the incision and said that he could not find anything there and turned her over to Dr. Fuches for treatment. Dr. Fuches treated her until November. The incision was still discharging  About November 5th Dr. Fuches opened the incision and probed and scraped it, but nothing was found. The next day plaintiff visited Dr. Fuches and told him that there was something protruding from the incision. The doctor extracted from it a small piece of rubber similar in texture to that used in cigarette drains, but flat and not tubular, described as about two inches long and one inch wide. After this was removed the incision healed in a short time.

The negligence alleged in plaintiff's statement and for which she seeks to hold defendant responsible in damages is "that the defendant suffered and allowed a drainage tube to be and remain in an incision made by the defendant in the abdomen of the plaintiff and carelessly and negligently failed and neglected to remove the said drainage tube from the incision." The verdict establishes the fact, and there seems to be no doubt about it, that when defendant undertook to remove the drains a small part of one of the rubber tubes broke off and remained in the incision for about six months. Defend-

ant testified that neither at that time nor while plaintiff remained in the hospital did he know or suspect that there was a part of a drain in the incision. Plaintiff's case was tried upon the theory that a presumption of negligence arose from the fact that a foreign substance was allowed to remain in the incision, and that this presumption was not only sufficient to take the case to the jury, but to cast the burden of proof upon the defendant to acquit himself of negligence with respect to it. The trial judge adopted that theory in submitting the case to the jury, following the decision of our Supreme Court in Davis v. Kerr, 239 Pa. 351. In that case the defendant performed a surgical operation on the plaintiff, in which an incision was made in the abdomen and pads or sponges were introduced into the wound to take up the secretions and flow of blood, and to wall off the intestines from the field of operation. Through mistake or negligence one of the sponges was not removed, but was allowed to remain in the abdomen after the wound was sewed up. The mistake was not discovered until nine months later. The action was against the surgeon charging him with negligence in failing to remove the sponge in the first instance. It was decided that from the leaving of the sponge in the abdomen of the patient a presumption of negligence arose which cast upon the surgeon the burden of showing care; that it was for him to acquit himself of negligence with respect to it; and that unless the exercise of reasonable care by him would not have disclosed it, or conditions were such that in his professional judgment further exploration by him for sponges would have endangered the safety of the patient, the law will attribute the consequences to his contributing negligence.

Defendant complains of the refusal to direct a verdict in his favor and the overruling of his motion for judgment n. o. v. In view of the conclusion which we have reached, it is unnecessary to consider the other question raised. The only charge of negligence is that defendant

should have known either at the time the drains were removed or later while plaintiff was under his care in the hospital that a piece of one of the rubber tubes was still in the wound and that he should have removed it. It is urged that according to the testimony of the surgeons called by both sides there was no practical means by which defendant could have ascertained at the time that the piece of rubber drain broke off and remained in the incision when the drains were removed; that there was nothing in plaintiff's condition while she was under defendant's care to indicate the presence of any foreign substance in the wound; and that even if defendant knew that the piece of rubber broke off and remained in the wound, it was not negligent to permit it to remain there, if, according to the rules of improved practice of surgery, it would not have been wise, and would have been bad judgment to attempt to probe the wound and remove it. We cannot say that the only inference to be drawn from the evidence is that defendant could not tell that a piece of rubber remained in the wound. But, conceding that the evidence warranted a finding by the jury that he was aware of the presence of the piece of rubber, the question remains whether he is chargeable with negligence in failing to remove it in the circumstances. The surgeons called as witnesses on both sides testified that it would have been very dangerous to probe the wound; that such treatment is apt to open the adhesions, spread the infection and start peritonitis; that it was proper practice in the circumstances to wait until the foreign substance works its way to the surface; and that the danger to the patient of this small piece of sterile rubber in the incision was far less than the danger of spreading infection in an attempt to remove it. Surgeons of long experience and well known in the community testified, and their statements were not questioned, that it is a matter of judgment depending upon the nature of the operation and the condition of the patient, how soon after the operation the surgeon could

safely probe the incision. Dr. Deaver said he would not attempt it for two or three months. Dr. Babcock said that it might safely be done two or three weeks after the operation, but that the practice differed with different surgeons. As already stated, plaintiff left the hospital twenty-three days after the operation. About a month later she visited defendant and he probed the wound and found nothing. After that he had nothing to do with the case. In the face of reliable expert evidence that the time when probing for the piece of rubber could safely be done was a matter of professional judgment, the practice varying with different surgeons, a jury of twelve laymen with no knowledge of surgery was permitted to decide a scientific, medical and surgical question and mulct defendant in damages for failing to do that which good modern surgical practice does not sanction. We see nothing in the evidence to warrant the inference that defendant failed to exercise ordinary skill, care and prudence; on the other hand the only inference which the evidence warrants is that in the circumstances the safety of the patient would have been endangered by an exploration by any extensive probing of the incision in an attempt to remove the piece of rubber during the time plaintiff was under defendant's care.

The duty imposed on a physician or a surgeon is to apply such reasonable skill and diligence as is ordinarily exercised in his profession; and the test of such ordinary care, skill and diligence is that which physicians and surgeons in the same general neighborhood ordinarily have exercised in like cases, having regard to the advanced state of the profession at the time: Remley v. Plummer, 79 Pa. Superior Ct. 117. If there is a reasonably general agreement as to what is the proper surgical treatment in a case and the surgeon in charge thereof used the method or means generally prescribed, no question of fact as to whether or not the treatment amounted to negligence arises. As stated by our Brother KELLER in Remly v. Plummer, cited, "where competent

medical authority is divided, a physician will not be held responsible if in the exercise of his judgment he followed the course of treatment advocated by a considerable number of his professional brethren in good standing in his community: Leighton v. Sargent, 27 N. H. 460; Miller v. Toles, 183 Mich. 252, 150 N. W. 118; Staloch v. Holm, 100 Minn. 276, 111 N. W. 264; Patten v. Wiggin, 51 Maine 594. He is not liable for errors of an enlightened judgment: Williams v. LeBar, 141 Pa. 149, 159; 2 Shearman & Redfield on Negligence, section 612 (5th ed.); 5 Thompson on Negligence, section 6719; 21 R. C. L. 391. In cases where authorities differ or 'doctors disagree' the competent physician is only bound to exercise his best judgment in determining which course is on the whole best." This defendant was called upon to show that he used reasonable skill, care and prudence. Under the rule declared in Davis v. Kerr, cited, it was a sufficient answer to plaintiff's case to establish that allowing the piece of rubber tube to remain in the incision in the circumstances, if defendant knew it was there, was justified by the practice of good modern surgeons in the community, and that an attempt to remove it would have endangered the safety of the patient. If there was mistake or error it was one of judgment for which defendant is not responsible in damages. We are constrained to hold, therefore, that defendant's point requesting binding instructions should have been affirmed and that he was entitled to the entry of judgment n. o. v.

The judgment is reversed and here entered for defendant nothwithstanding the verdict.