## Veit and Veit, Appellants, *v.* Hinchcliffe.

*Negligence—Physician—Malpractice—Evidence—Insufficiency.*

In an action against a physician for injuries, resulting from negligent treatment in a confinement case, a judgment for nominal damages, notwithstanding the verdict was entered. Defendant did not appeal.

The general rule is that a physician or surgeon must exercise such reasonable skill and diligence as is ordinarily exercised in his profession in the same general neighborhood. Unless there is evidence that such reasonable skill and diligence was not exercised, a plaintiff cannot recover. As that evidence was lacking, plaintiffs were not entitled to recover.

Argued December 14, 1926. Appeals Nos. 310 and 311. October T., 1926, by plaintiffs from judgment of C. P. No. 5, Philadelphia County, September T., 1924, No. 6544, in the case of Edna Gertrude Veit, in her own right, and Charles Veit, in his own right, v. J. Henry Hinchcliffe. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass for injuries resulting from malpractice. Before HENRY, P. J., 52nd Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of Charles Veit for $300 and Edna Gertrude Veit for $200. Subsequently, on motion, the Court entered judgment in favor of the Plaintiffs, notwithstanding the verdict, for Charles Veit in the sum of $1 and Edna Veit in the sum of $1. Plaintiffs appealed.

*Errors assigned,* were various rulings on evidence, the charge to the jury and the judgment of the Court.

*Henry J. Scott,* and with him *Harry E. Apeler* and *George S. Wolbert,* for appellants.

*William G. Wright,* and with him *Robert P. F. Maxwell,* for appellee.

Opinion by Linn, J., March 3, 1927:

In this suit against a physician, husband and wife obtained verdicts of $300 and $200 respectively. Defendant moved for judgment n. o. v.; the court, of opinion that plaintiffs were entitled to nominal damages only, directed judgment to be entered in favor of each for one dollar. The plaintiffs have appealed; defendant has not. The cause of action alleged that Mrs. Veit became ill "as a result of said negligent and careless manner in which the said defendant improperly treated the said plaintiff ...... and also as a result of improper discharge and dismissal of the said [Mrs. Veit] from the private hospital of said defendant."

Mrs. Veit employed defendant to care for her during her expected confinement. On June 3, 1923, she was suffering with nephritis of pregnancy. With her husband's consent, and under the care of a physician who was defendant's assistant, she was taken to defendant's private hospital during the night of June 3rd,

and on the morning of the 4th her child was born, with defendant and two nurses in attendance. The confinement was accompanied with serious complications, some incident to pregnancy and some resulting from earlier infection producing pus absorbtion, the details of which need not be stated here. On June 25, 1923, she left the hospital. Concerning this, Mr. Veit testified: "My wife notified me that she was ready to come home and I went to the hospital for her. We got things ready and we prepared to bring her home." Instead of taking her home, Mr. Veit testified, ".......I took her to Glenside to some friends of ours." There her condition became serious and on June 27th her husband took her back to defendant's hospital, where she remained until July 7, 1923, the date of the alleged "improper discharge" —which is made the basis of this suit. Concerning this second departure from the hospital, Mr. Veit testified: "My wife notified me that she was allowed to go home; I made arrangements to bring her home"; she reached home about noon and went to bed; the next day she came downstairs but was obliged by her condition to lie down. He also testified that on the same day he telephoned defendant that her condition required medical attention, but that defendant did not call to see her; defendant denied receiving the message. At ten o'clock in the evening, another physician prescribed for her. He testified that she then had a temperature exceeding 104, a pulse of about 140, that her legs were swollen and that his diagnosis was "acute milk leg phlebitis." He also said she was suffering with some form of poisoning. He treated her for those conditions.

Plaintiffs seek to recover in this suit for the cost of that treatment and for her pain and suffering incident to the illness. No compensation can be awarded unless Mrs. Veit's illness was the natural and probable consequences of defendant's failure of duty alleged in the

statement and established by evidence. The general rule is that a physician or surgeon must exercise such reasonable skill and diligence as is ordinarily exercised in his profession at the time in the same general neighborhood: Barnard v. Schell, 85 Pa. Superior Ct. 329, 334; Stemons v. Turner, 274 Pa. 228, 231; Remley v. Plummer, 79 Pa. Superior Ct. 117, 121; 21 R. C. L. 381, 391. Unless there is evidence that such reasonable skill and diligence was not exercised a plaintiff cannot recover. When we apply that rule to the record, not only do we find no evidence to support the allegation of "negligent and careless" treatment by the defendant, if that expression is understood to relate to the medical, surgical or hospital care received by Mrs. Veit and her child between June 4th and July 7th, but we find no witness who says that the care and treatment received were not proper. The result is the same if we consider the allegation of "improper discharge" as not included in the allegation "negligent and careless" treatment. There is no evidence of the contract pursuant to which Mrs. Veit was received in the hospital, except as may be implied from what was said and done. No definite period for her stay was specified; she was taken there for her confinement; it is conceded that her first departure—that of June 25th—was voluntary. No complaint is made of anything occurring before. The second departure alone is involved. When she was brought back on June 27th, no specific arrangement for the length of her stay was made. The law therefore implies that she entered the hospital to remain as long as she required the care of the defendant and the equipment of his hospital and complied with the hospital regulations. Defendant testified that she was not discharged, though in view of the verdict we predicate nothing on that denial. Mr. Veit made no objection to receiving his wife at the hospital on July 7, and there is no complaint of the

manner in which she left; she was taken home by her husband in an automobile, accompanied by her nurse, who testified that then "her condition was good." It was next day when she came "downstairs" that it became necessary again to have medical attention. Plaintiffs offered no evidence that, according to the standard of duty imposed on physicians by the rule of law quoted above, defendant should not then have permitted Mrs. Veit to be taken home, or should not then have discharged her if he did so.

Now while plaintiffs contend that this medical attention and the subsequent suffering resulted from her discharge from the hospital, it is very significant that her physician does not testify in support of that contention. He does testify: "I would say [from] her condition at the time I saw her, that she had that condition at least a week previous to the time—I cannot pin myself down to just the time. Q. But at least a week? A. Yes sir, at least, probably more, I don't know." It is legally certain that if the illness continued during that period, before July 8, it was not produced by the discharge from the hospital. And there is no evidence that her condition was aggravated by the fact of her return home. Some causal connection between the discharge from the hospital and the illness must be shown before liability can result. Even " . . . . . . where defendant's wrongful act does not cause a diseased condition but only aggravates and increases the severity of a condition existing at the time of the injury, plaintiff may recover only for such increased or augmented sufferings as are the natural and proximate result of defendant's act": 17 C. J. p. 740. Or, as the rule was stated in McHugh v. Schlosser, 159 Pa. 480, 485: "The question which the defendants were bound to consider before putting the decedent out in the storm, was not whether such exposure 'would' surely cause death, but what was it reasonable to suppose might follow such a

sudden exposure of the decedent in the condition in which he then was? What were the probable consequences of pushing a sick man, in the condition the decedent was in, out into the storm without adequate covering, and when he fell from inability to stand on his feet, leaving him to lie in the stream of melting snow and ice that ran over the pavement of the alley, for about a half hour in all, in the condition in which Officer White found him?'' In the evidence no injurious consequence is traced or charged to the manner in which, or the fact that Mrs. Veit was taken home; there is no evidence that in the professional opinion of any physician the conditions for which her physician treated her most probably resulted from her transfer to her home: McCrossan v. Transit Co., 283 Pa. 492, 495, 496. It is not denied that plaintiffs had adequate warning by defendant that she would require continued care at home.

The other assignments of error do not merit discussion. As defendant has not appealed, we express no opinion on his liability for nominal damages as adjudged by the learned court below.

Judgments affirmed.