4041-49 W MAPLE CONDOMINIUM ASSOCIATION
v COUNTRYWIDE HOME LOANS, INC

Docket No. 282585. Submitted February 3, 2009, at Detroit. Decided
February 12, 2009, at 9:05 a.m.

The 4041-49 W. Maple Condominium Association recorded a lien
against a condominium for unpaid condominium assessments. Coun-
trywide Home Loans, Inc., foreclosed on its mortgage on the condo-
minium and purchased it at the public sale. The association brought
an action in the Oakland Circuit Court against Countrywide, alleging
that Countrywide had violated MCL 559.208(9) by failing to give the
association proper notice of the foreclosure. The court, Fred M.
Mester, J., granted the association summary disposition with respect
to liability. The court subsequently rendered a verdict in the associa-
tion's favor, concluding that because MCL 559.208(9) provided for
"legal recourse," the statute was intended to provide a legal remedy
for the failure of notice. Countrywide appealed.

The Court of Appeals held:

1. The trial court properly granted the association summary
disposition with respect to liability because there was no genuine
issue of material fact that Countrywide violated MCL 559.208(9).

2. MCL 559.208(9) provides for a private right of action for its
violation. The failure to abide by the notice requirements of the
statute constitutes a tort.

3. The association had the burden of proving its actual damage
with reasonable certainty. While a party cannot recover remote,
contingent, or speculative damages in a tort action, nominal
damages are generally sufficient to sustain a cause of action.
Actual monetary damage is not an element of a cause of action for
a breach of the duties under MCL 559.208(9).

4. While the possibility of a legal remedy exists for a violation
of the statute, a plaintiff must still prove entitlement to the
specific remedy requested, in this case money damages in the
amount secured by the association's assessment lien against the
condominium and associated interest, costs, and attorney fees.
The association argued that with notice of the foreclosure, it could
have made efforts to preserve its lien. Whether those efforts would

have succeeded, however, is unknown. If they had been unsuccessful, the association would have had to either purchase the property at the foreclosure sale or redeem it. The association had the opportunity to do both but did neither. Its lien was extinguished the same as it would have been had it received proper notice and failed in its efforts to avert foreclosure. Whether the amount secured by the association's lien was recoverable would depend on many variables, and in light of the facts of this case, an award in the amount of the association's assessment lien constituted an impermissible award of remote, contingent, or speculative damages.

5. Because Countrywide had a statutory duty to timely notify the association of the foreclosure and breached its duty, the plaintiff was entitled to an award of nominal damages.

Judgment vacated and case remanded for entry of a judgment of nominal damages only.

CONDOMINIUMS — NOTICE OF FORECLOSURE — STATUTORY DUTIES — ACTIONS FOR VIOLATIONS OF STATUTORY DUTIES — PRIVATE RIGHTS OF ACTION — WORDS AND PHRASES — LEGAL RECOURSE.

The Condominium Act requires a mortgagee to give notice of foreclosure to a condominium association; a breach of this duty to notify is a tort for which the statute provides "legal recourse," that is, a private right of action for the association's actual damage (MCL 559.208[9]).

*Meisner & Associates, P.C.* (by *Jennifer Cordon Thor* and *Robert M. Meisner*), for the plaintiff.

*Trott & Trott, P.C.* (by *Charles L. Hahn* and *Michelle K. Clark*), for the defendant.

Before: WILDER, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM. Defendant appeals as of right a judgment in plaintiff's favor that includes the amount secured by plaintiff's lien, as well as interest, costs, and attorney fees, in this case arising from defendant's violation of the foreclosure notice provision of MCL 559.208(9). We vacate the judgment and remand for entry of a judgment in plaintiff's favor for nominal damages only.

Defendant held a mortgage by assignment on a condominium purchased by Roselene Carter. On January 19, 2006, pursuant to MCL 559.208, plaintiff recorded a lien against the unit for nonpayment of condominium assessments in the amount of $2,370, exclusive of interest, late charges, attorney fees, and costs. On May 16, 2006, defendant foreclosed on its mortgage by public sale. Defendant was the highest bidder, and the property was transferred to it by a sheriff's deed. On February 2, 2007, plaintiff filed this action against defendant, alleging that defendant had failed to give it proper notice of foreclosure, in violation of MCL 559.208(9). In particular, plaintiff was notified of the foreclosure sale on May 16, 2006, the same day as the foreclosure sale, which was insufficient notice and deprived plaintiff of valuable rights.

Subsequently, plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that plaintiff did not receive proper notice of the foreclosure sale in violation of MCL 559.208(9), which required that plaintiff receive notice of the sale within 10 days after the first publication of notice. As a consequence, plaintiff argued, it was precluded from preserving its lien interest, causing it to suffer damages in the amount of $5,237.63, plus interest, attorney fees, and costs.

In opposition, defendant argued that plaintiff's claim that the lack of notice deprived it of the ability to preserve its lien was without merit. To preserve its lien, plaintiff had to either purchase the property at the foreclosure sale or redeem the property. After the sale, defendant presented plaintiff with the opportunity to purchase the sheriff's deed, which plaintiff refused. Plaintiff also failed to redeem the property, and its lien was extinguished on November 15, 2006. Plaintiff's

statutory legal claim against Carter for all unpaid assessments and recoverable fees and costs had not been impaired. Accordingly, defendant argued, it was entitled to summary disposition rather than plaintiff because plaintiff failed to state a cause of action under MCL 559.208(9). There simply were no legal damages. Even if plaintiff had received timely notice of the foreclosure, the result would have been the same.

In its reply brief, plaintiff argued that the only issue in this case was whether defendant failed to give plaintiff the notice required by statute and that there was no genuine issue of material fact that defendant failed to give such notice. Thus, plaintiff was entitled to summary disposition with respect to liability, and the issue of damages remained to be litigated. Plaintiff argued that defendant's failure to give the statutory notice deprived plaintiff of various options regarding the protection of its lien. The purported options denied included "holding meetings, raising money, levying assessments, securing the necessary funds to redeem, negotiating with the co-owner to reinstate the mortgage, tendering mortgage payments on behalf of the co-owner, etc." Accordingly, plaintiff argued, because defendant clearly violated MCL 559.208(9) by failing to provide plaintiff the requisite notice, plaintiff was entitled to summary disposition on the issue of liability.

On June 20, 2007, the trial court heard oral arguments. Plaintiff argued that the reason for the notice provision in the statute was to provide condominium associations the opportunity to take action with regard to the potential loss of their secured interests in condominium units. As defendant admitted, defendant had failed to provide that notice. The extent of plaintiff's damages was irrelevant to the issue of defendant's liability under the statute; therefore, plaintiff was en-

titled to summary disposition with respect to the matter of liability, and the issue of damages could be determined at an evidentiary or other hearing.

In response, defendant argued that, under MCL 559.158, condominium liens are extinguished by the foreclosure and title vests, under MCL 600.3236, at the expiration of the redemption period. Thus, defendant claimed, plaintiff's arguments lacked merit. Defense counsel admitted that defendant had not complied with the notice provision of the statute. However, counsel argued, the only legal recourse plaintiff had was redemption. The court then questioned defense counsel, asking, "And you acknowledge you did not give notice within ten days?" Defense counsel responded, "That's correct." Then the trial court ruled as follows:

> The issue before the Court is whether the Defendant failed to give the Plaintiff proper notice of foreclosure as required under the statute. Plaintiff has brought this motion under [MCR 2.116(C)(10)], which states that:
>
> "Except as to the amount of damages, where there's no genuine issue as to any material fact, the moving party is entitled to judgment or partial judgment as a matter of law."
>
> *   *   *
>
> In this matter, Defendant does not dispute and has provided no evidence to dispute the fact that they did not give Plaintiff notice ten days before [sic] the first published notice of foreclosure. Therefore, Plaintiff's Motion for Summary Disposition is granted as to liability only. The Court will hold a hearing to determine damages.

On July 10, 2007, the court entered an order granting plaintiff's motion for summary disposition.

On November 7, 2007, following a partial evidentiary hearing, the trial court rendered a verdict in plaintiff's

favor. The court noted that MCL 559.208(9) provides for "legal recourse" for failure to give the requisite notice, but does not further define "legal recourse." The court held that the statute was clearly intended to provide a legal remedy to the condominium association for the failure of notice and that "it would, thus, be illogical to allow the Defendant to foreclose out the association's lien." Further, the court held

> that when Defendant foreclosed Plaintiff's lien without proper notice, Plaintiff suffered damages in the amount secured by the lien. In addition, because the condominium bylaws provide that the association can recoup interest, costs and attorney fees incurred in the collection of unpaid assessments, those costs are also included in the Plaintiff's damages.
>
> Thus, the Court is satisfied that Defendant took title to the condominium subject to the lien.

On November 28, 2007, the court entered an order to that effect. This appeal followed.

First, defendant argues that the trial court erred when it granted plaintiff's motion for summary disposition on the issue of liability because plaintiff failed to establish that defendant's acts were the proximate cause of plaintiff's damages. After review de novo of the evidence to determine whether a material factual dispute exists, we disagree. See MCR 2.116(C)(10); *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998); *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 30-31; 651 NW2d 188 (2002).

Defendant claims that plaintiff asserted "a negligence cause of action based on a violation of civil statute, MCL 559.208(9)." But plaintiff did not assert a negligence cause of action. Plaintiff merely alleged in its complaint that defendant had pursued a course of conduct in violation of its statutory duties under MCL

559.208(9): namely, defendant failed to give the required notice of foreclosure. See, e.g., *Lash v Traverse City*, 479 Mich 180, 191; 735 NW2d 628 (2007). Defendant, through its counsel, admitted that it had violated MCL 559.208(9). Accordingly, the trial court held that there was no genuine issue of material fact that defendant violated the statute and granted plaintiff's motion for summary disposition, limited to the issue of liability. See MCR 2.116(C)(10). We agree with that decision. Thus, defendant's claim is without merit; this was not a negligence action.

Next, defendant argues that the trial court erroneously interpreted the term "legal recourse," as that term is used in MCL 559.208(9), because the court imposed "absolute liability in the amount of the Association's lien." We agree.

The relevant part of MCL 559.208(9) provides: "Failure of the mortgagee to provide notice as required by this section shall only provide the association with legal recourse and will not, in any event, invalidate any foreclosure proceeding between a mortgagee and mortgagor." With regard to its interpretation of this provision, the trial court held as follows:

> It is clear that the legislature stated that the foreclosure sale between the mortgagor and the mortgagee would not be invalidated. However, it is also clear that it intended to provide a legal remedy to the association, and it would, thus, be illogical to allow the Defendant to foreclosure out the Association's lien.
>
> When Defendant sought to foreclose Plaintiff's lien without proper notice, Plaintiff suffered damages in the amount secured by the lien. Because the condominium bylaws provide that the association can recoup interest, costs and attorney fees incurred in the collection of unpaid assessments, those costs, including the costs of the within litigation, are also included in Plaintiff's damages and secured by Plaintiff's lien.

Defendant took title to the condominium unit subject to Plaintiff's lien.

After review de novo of this issue of statutory interpretation, we disagree with the trial court's reasoning. See *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008). Our primary goal with regard to statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). We first turn to the language of the statute. *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004). The fair and natural import of the terms employed, in view of the subject matter of the law, governs. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). If the plain and ordinary meaning of the language is clear, judicial construction is not permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

Defendant does not dispute that MCL 559.208(9) provides for a private right of action for its violation. The statute states: "Failure of the mortgagee to provide notice as required by this section shall only provide the association with legal recourse . . . ." That is, the failure to abide by the notice requirements of this civil statute constitutes a civil wrong—a tort—for which a civil action may be instituted in an effort to pursue a legal remedy. See, e.g., Prosser & Keeton, Torts (5th ed), § 1, pp 1-7; *Tate v Grand Rapids*, 256 Mich App 656, 660; 671 NW2d 84 (2003). The statute does not, however, prescribe the remedy for its violation. The remedy requested by plaintiff in this case was money damages in the amount secured by its assessment lien against the condominium, plus associated interest, costs, and attorney fees.

In accordance with tort law principles, then, plaintiff had the burden of proving its actual damage with

reasonable certainty. See *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 108; 535 NW2d 529 (1995). Remote, contingent, or speculative damages cannot be recovered in Michigan in a tort action. *Sutter v Biggs*, 377 Mich 80, 86; 139 NW2d 684 (1966). However, nominal damages are generally sufficient to sustain a cause of action. See, e.g., *Health Call of Detroit v Atrium Home & Health Care Services, Inc*, 268 Mich App 83, 107; 706 NW2d 843 (2005). "Nominal damages are those damages recoverable where plaintiff's rights have been violated by breach of contract or tortious injury, but no actual damages have been sustained or none can be proved." 7 Michigan Civil Jurisprudence, Damages, § 9, p 313. For example, the law infers some damage—at least nominal damage—from the breach of a contract, *Vandenberg v Slagh*, 150 Mich 225, 229; 114 NW 72 (1907), and from the infringement of a legal right, such as by trespass to land, *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999).

Defendant admitted that it did not provide plaintiff with the notice required under MCL 559.208(9); thus, it breached its statutory duty to do so. A cause of action exists regardless of whether a plaintiff proves that it suffered actual monetary damage as a result of the violation, i.e., actual monetary damage is not an element of this cause of action. The plaintiff could have merely suffered the loss of an opportunity to purchase the property at the public sale. The real dispute in this case is whether plaintiff was entitled to recover as damages the amount secured by its assessment lien. The trial court held that plaintiff was so entitled because the statute clearly intended to provide such a plaintiff with a legal remedy. Although the possibility of a legal remedy exists by this statutory authority, a plaintiff must still prove entitlement to the specific remedy requested.

Defendant argues that, because plaintiff's lien was subordinate to defendant's lien, the foreclosure of defendant's mortgage—with or without notice—extinguishes that lien by operation of MCL 559.158. Thus, defendant argues, the legal remedy plaintiff sought, and the trial court provided, was not a proper remedy. Plaintiff argues, however, that if it had been notified about the foreclosure, it could have instituted efforts to preserve its lien. These proposed efforts included "holding meetings, raising money, levying assessments, securing the necessary funds to redeem, negotiating with the co-owner to reinstate the mortgage, tendering mortgage payments on behalf of the co-owner, etc." But clearly, whether these proposed efforts would have been undertaken or even fruitful is unknown. Plaintiff does not appear to have had a formal procedure in place to deal with such situations.

If plaintiff's efforts to avert the foreclosure had been unsuccessful, it is undisputed that to preserve its lien rights, plaintiff would have had to either purchase the property at the foreclosure sale or redeem the property. Accordingly, in the situation in which a defendant foreclosed on its mortgage without the requisite statutory notice to a plaintiff, the remedy sought through "legal recourse" could be related to the availability of these lost opportunities. But, in this case, plaintiff had the opportunity to do both and did neither. Thus, plaintiff's lien was extinguished the same as it would have been if plaintiff had received proper notice of the foreclosure and failed in its efforts to avert the foreclosure. In other words, the amount secured by plaintiff's lien may or may not have been recoverable—it would depend on plaintiff's actions between the time it received the requisite notice and the time of foreclosure, as well as several other variables. Therefore, we conclude that an award in the amount of plaintiff's assess-

ment lien constituted an impermissible award of remote, contingent, or speculative damages. See *Sutter, supra* at 86; *Hofmann, supra* at 108. Thus, we reverse the trial court's award of such damages and the associated award of "interest, costs and attorney fees incurred in the collection of unpaid assessments . . . ."

However, because defendant had a statutory duty to timely notify plaintiff of the foreclosure and breached its duty, we conclude that plaintiff was entitled to an award of nominal damages. In so holding, we do not rule out the possibility of a factual scenario existing whereby a plaintiff in this situation could establish that it suffered actual damage because of the lack of notice. It just has not been established in this case. Further, plaintiff is not without a legal remedy with regard to the unpaid assessments. As set forth in the Condominium Act, including MCL 559.208(5), plaintiff can file a legal action against the co-owner of the unit, Carter, who failed to pay the assessments, to secure a money judgment in the amount of the unpaid assessments, as well as other amounts deemed owing under the applicable contract and law.

In summary, MCL 559.208(9) permits "legal recourse" for its violation. "Legal recourse" can include the filing of a civil action that seeks an award of monetary damages. To recover such damages, the plaintiff must prove its actual damage with reasonable certainty. Remote, contingent, or speculative damages cannot be recovered. If actual damage is not sufficiently proved, an award of nominal damages in the plaintiff's favor is proper. In this case, plaintiff sought, and the trial court awarded, damages in the amount secured by plaintiff's assessment lien, plus associated interest, costs, and attorney fees. Plaintiff failed to establish that it was entitled to those damages. An award of nominal

damages, however, is appropriate in this case. In light of our resolution of this matter, we need not consider defendant's other issues on appeal.

We vacate the trial court's judgment and remand for entry of a judgment in plaintiff's favor for nominal damages only. We do not retain jurisdiction.