**Lansing, Michigan**

# Opinion

Chief Justice:       Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                         Marilyn Kelly
                         Stephen J. Markman
                         Diane M. Hathaway
                         Mary Beth Kelly
                         Brian K. Zahra

FILED JUNE 30, 2011

STATE OF MICHIGAN

SUPREME COURT

LAWRENCE M. CLARKE, INC.,

      Plaintiff-Appellee,

v                                          No. 140683

RICHCO CONSTRUCTION, INC., and
RONALD J. RICHARDS, JR.,

      Defendants-Appellants.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

The issue in this case is whether the trial court abused its discretion when it concluded that defendants were personally notified of the default judgment against them and denied defendants' motion to set aside the judgment. We hold that the trial court abused its discretion and that defendants are entitled to relief from the judgment under MCR 2.612(B) because (1) personal jurisdiction over defendants was necessary and

apparently acquired,[1] (2) defendants had no knowledge of the action pending against them, (3) defendants entered an appearance within one year after the final judgment, (4) defendants have presented facts and arguments showing meritorious defenses to plaintiff's breach of contract and fraud claims, and (5) granting defendants relief from the judgment will not prejudice any innocent third persons. Accordingly, we reverse and remand the case to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEEDINGS

The lawsuit at issue in this case arose out of a contractual relationship between plaintiff and defendant Richco Construction, Inc. In 2003 and 2004, plaintiff was working on a residential subdivision construction project in Monroe County. In the summer of 2003, plaintiff hired Richco as a subcontractor to work on the sewer system for the project. There was no written contract.

It is undisputed that Richco's corporate filings with the state of Michigan's Department of Labor and Economic Growth (DLEG) (now the Department of Licensing and Regulatory Affairs) indicated that defendant Ronald Richards, Jr., was the corporation's president and treasurer and that Thomas Richards[2] was the corporation's

---

[1] Although defendants contest the trial court's personal jurisdiction over them, we will assume arguendo that the trial court acquired personal jurisdiction for purposes of applying MCR 2.612(B) in this opinion for the reasons discussed in part III(A) of this opinion.

[2] After this Court heard oral arguments on defendants' application for leave to appeal, plaintiff and Thomas agreed to a settlement, and Thomas withdrew his application for leave to appeal. Thus, Thomas is no longer a party to this case, and this opinion has no effect between plaintiff and Thomas.

secretary and vice president.  Further, the corporate filings identified Ronald as Richco's resident agent and the corporation's registered office address as 27734 Ecorse Road in Romulus, Michigan.  Finally, the address shown for Ronald and Thomas as corporate officers was also 27734 Ecorse Road in Romulus.

Richco's work on the sewer system did not satisfy the governing municipality, and after Richco's efforts to repair the work were not satisfactory, plaintiff contracted with another party to finish the work, delaying the project according to plaintiff.  Defendants claim that Richco was never fully paid and, at some point, Richco recorded a construction lien, which plaintiff claims caused further problems.

Plaintiff filed a breach of contract and fraud complaint on July 19, 2006, in the Monroe Circuit Court, but plaintiff was not able to serve any of the defendants. Plaintiff's process server attempted to serve the complaint at Richco's business address on file with DLEG, but no one was at that address.  The process server discovered that Richco had vacated the listed address and had not left a forwarding address.   A motor home was parked in the parking lot at the Ecorse Road address, and another tenant in the area told the process server that it might belong to one of the individual defendants. Plaintiff's counsel used the license plate on the motor home to obtain a phone number, but the person who answered denied that the motor home was connected to either individual defendant.  In October 2006, the process server investigated a lead about a Ronald Richards in Waterford, Michigan, but that person was not the defendant in this case.  Plaintiff's complaint was dismissed without prejudice on October 30, 2006, because plaintiff could not effect service.

3

After the complaint was dismissed, plaintiff continued its efforts to locate defendants by contacting the Secretary of State and again searching DLEG's files. These efforts were unsuccessful, however, and plaintiff refiled the same complaint on January 7, 2007, along with a motion to allow alternative service. Plaintiff explained its previous efforts to locate defendants and noted that service was attempted at Richco's registered office without success. The trial court allowed alternative service by (1) posting the documents at Richco's registered address, (2) mailing the documents to the registered address for Thomas, (3) mailing the documents to the registered address for Ronald, and (4) publishing a copy of the order in a Monroe County newspaper pursuant to MCR 2.106. After there was no response to the notice, the court clerk entered a default against all three defendants on April 5, 2007. Notice of the default was sent by regular and certified mail to Richco, Thomas, and Ronald at the Ecorse Road address and was published in a Monroe County newspaper.

On September 28, 2007, plaintiff moved for entry of a default judgment, claiming approximately $244,000 in damages, plus the cost of a bond, "contractual interest," $8,000 in attorney fees, and more than $15,000 in prejudgment interest. After a hearing on October 10, 2007, the trial court granted plaintiff's motion and signed a default judgment ordering that Richco, Ronald, and Thomas were jointly liable for a total of $371,598.37.

Plaintiff located defendants after the default judgment was entered and, on April 12, 2008, Ronald's and Thomas's personal vehicles were seized from their homes in Wayne County. According to defendants, this was how they first became aware of plaintiff's complaint and the default judgment.

4

Four days later, on April 16, 2008, defendants filed an emergency motion to set aside the default judgment, and defense counsel made a special appearance. The motion was not accompanied by an affidavit, but defense counsel attempted to provide signed affidavits from Thomas and Ronald at the hearing on the motion held on April 22, 2008. The trial court refused to consider the affidavits and denied defendants' motion to set aside the default judgment, noting that defendants had not filed an affidavit of factual and meritorious defense as required by MCR 2.603(D)(1). Defendants moved for reconsideration and included more detailed supporting affidavits from Thomas and Ronald, but the trial court denied reconsideration without a hearing.

The Court of Appeals denied defendants' application for leave to appeal, but this Court remanded for consideration as on leave granted. *Lawrence M Clarke, Inc v Richco Constr, Inc*, 481 Mich 939 (2008). On remand, the Court of Appeals affirmed the trial court's decision to deny the motion to set aside the default judgment. *Lawrence M Clarke, Inc v Richco Constr, Inc*, unpublished opinion per curiam of the Court of Appeals, issued November 17, 2009 (Docket No. 285567). The Court of Appeals reasoned that defendants' motion to set aside the default judgment was properly denied because defendants had failed to file a timely affidavit in support of their motion. Defendants sought leave to appeal in this Court, and this Court ordered oral argument on whether to grant the application or take other peremptory action. *Lawrence M Clarke, Inc v Richco Constr, Inc*, 486 Mich 1071 (2010).

## II. STANDARD OF REVIEW

A trial court's decision regarding a motion to set aside a default judgment is reviewed for an abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461

5

Mich 219, 227; 600 NW2d 638 (1999). When construing a court rule, this Court employs the legal principles governing the application and construction of statutes. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000).

## III. ANALYSIS

A trial court may grant relief from a judgment if the defendant was not personally notified of an action pending against the defendant and several additional requirements are satisfied. Specifically, MCR 2.612(B) states:

> A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just.

Thus, defendants may be entitled to relief from the default judgment if (1) personal jurisdiction over defendants was necessary and acquired, (2) defendants in fact had no knowledge of the action pending against them, (3) defendants entered an appearance within one year after the final judgment, (4) defendants show a reason justifying relief from the judgment, and (5) granting defendants relief from the judgment will not prejudice innocent third persons.

As a preliminary matter, we acknowledge that defendants did not offer their affidavits of meritorious defense simultaneously with their motion to set aside the default judgment and that this arguable misstep was the foundation of the lower courts' decisions. The lower courts, however, applied MCR 2.603(D)(1) in reaching their

6

decisions. That rule permits a court to grant relief from a default judgment when, along with the fulfillment of other requirements, "an affidavit of facts showing a meritorious defense is filed." We conclude that the lower courts' reasoning is inapplicable to our analysis of MCR 2.612(B) because, unlike MCR 2.603(D)(1), MCR 2.612(B) does not expressly state that a defendant must provide an affidavit of meritorious defense. Therefore, we conclude that defendants may seek relief under MCR 2.612(B), and we do not opine about whether MCR 2.603(D)(1) requires that an affidavit of meritorious defense be filed simultaneously with a motion to set aside a default judgment.[3]

## A. PERSONAL JURISDICTION

A court "cannot adjudicate [an in personam] controversy without first having obtained jurisdiction [over the] defendant by service of process . . . ." *Eisner v Williams*, 298 Mich 215, 220; 298 NW 507 (1941). A court must obtain personal jurisdiction over a defendant in order to "satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1). "The fundamental requisite of due process of law is the opportunity to be heard. . . . This right to be heard has little reality or worth unless one is informed that the matter is pending . . . ." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct

---

[3] To the extent that defendants' failure to offer their affidavits simultaneously with their motion creates any doubt that defendants are entitled to relief from the default judgment, our holding is consistent not only with the plain language of MCR 2.612(B), but also with the general principle that "[d]efaults are not favored and doubts generally should be resolved in favor of the defaulting party." *Wood v DAIIE*, 413 Mich 573, 586; 321 NW2d 653 (1982).

7

652; 94 L Ed 865 (1950) (quotation marks and citation omitted).  Personal notice, however, is not necessary to satisfy due process requirements in all cases.  *Jacob v Roberts*, 223 US 261, 265; 32 S Ct 303; 56 L Ed 429 (1912).  Rather, under MCR 2.105(I)(1), "[o]n a showing that service of process cannot reasonably be made as provided by [MCR 2.105], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  As MCR 2.105(J)(1) explains, the provisions of the court rules related to service of process are "intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances."  See, also, *Krueger v Williams*, 410 Mich 144, 156; 300 NW2d 910 (1981) (explaining that "[s]ervice may be made personally on a defendant or, if this is not possible, constructive service is permitted"), and *Mullane*, 339 US at 314 (explaining that notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" is sufficient to satisfy due process).  But while personal service is not always required, "[t]he requirement of notice so as to afford an opportunity to be heard is clearly the heart" of Michigan's substituted-service court rule. *Krueger*, 410 Mich at 158.[4]

---

[4] In *Krueger*, we considered the predecessor of MCR 2.105(I), GCR 1963, 105.8, which was substantively similar to MCR 2.105(I)(1).

Because defendants were parties to the action in this case, personal jurisdiction over them was required to satisfy due process. Defendants argue that the trial court failed to acquire personal jurisdiction over them because plaintiff's efforts to provide them with notice were so lacking that they were deprived of notice and an opportunity to be heard. Nevertheless, for the purpose of this appeal, we assume arguendo that the trial court acquired personal jurisdiction over defendants because we conclude that defendants are entitled to relief under MCR 2.612(B) and this Court does not decide cases on constitutional grounds when doing so can be avoided. *People v Quider*, 172 Mich 280, 288-289; 137 NW 546 (1912).

## B. DEFENDANTS' KNOWLEDGE OF THE ACTION

As previously stated, defendants must also show that they did not "in fact have knowledge of the pendency of the action" in order to be entitled to relief under MCR 2.612(B). This Court has not considered what is required for a party to have knowledge in fact under MCR 2.612(B), but this Court has generally taken care to acknowledge that a difference in specificity exists between the phrase "actual knowledge" and mere "knowledge." See, e.g., *Travis v Dreis & Krump Mfg Co*, 453 Mich 149, 173; 551 NW2d 132 (1996) (opinion by BOYLE, J.) (explaining that when "the Legislature [is] careful to use the term 'actual knowledge,' and not the less specific word 'knowledge,' we determine that the Legislature meant that constructive, implied, or imputed knowledge is not enough").

But MCR 2.612(B) does not simply use the word "knowledge"; rather, it states that a defendant may be relieved of a judgment if the defendant "did not *in fact have*

*knowledge* of the pendency of the action . . . ." (Emphasis added.) "In fact" is defined as "[a]ctual or real; resulting from the acts of parties rather than by operation of law." Black's Law Dictionary (9th ed). This definition further distinguishes actual knowledge from constructive or implied knowledge of the pending action. Thus, we conclude that the plain language of MCR 2.612(B) permits a defendant to seek relief from a default judgment as long as the defendant did not have *actual* knowledge of the pending action.

Our conclusion is supported by the available caselaw and supplemental authority. In *Nat'l Car Rental v S & D Leasing, Inc*, 89 Mich App 364, 368; 280 NW2d 529 (1979), the Court of Appeals concluded that lack of actual notice was sufficient to satisfy the knowledge-in-fact requirement.[5] In support of its conclusion that knowledge in fact is synonymous with actual knowledge, the Court of Appeals in *Nat'l Car* cited 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 180, which explained that "[t]he intent of [GCR 1963, 528.2] is that failure to receive *actual notice* is itself sufficient ground for relief from default judgment . . . ." (Emphasis added.) Notably, more recent

---

[5] In *Nat'l Car*, the Court of Appeals applied GCR 1963, 528.2, the predecessor of MCR 2.612(B). The language used in MCR 2.612(B) and GCR 1963, 528.2 is nearly identical. GCR 1963, 528.2 stated:

> Any defendant over whom personal jurisdiction was necessary and acquired but who did not in fact have knowledge of the pendency of the action may, at any time within 1 year after final judgment, enter his appearance, and if he shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve him from the judgment, order, or proceedings as to which personal jurisdiction was necessary, on payment of such costs thereon or such creditors as the court deems just.

10

supplemental authority also explains that failure to receive actual notice is sufficient to satisfy the knowledge-in-fact requirement of MCR 2.612(B). See 3 Longhofer, Michigan Court Rules Practice (5th ed), § 2612.8, p 505.

In this case, defendants did not have actual knowledge, or knowledge in fact, of the action pending against them because defendants were never personally served with a summons and complaint and stated in their affidavits[6] that they only became aware of the action against them when personal property was seized from Thomas's and Ronald's homes on April 12, 2008. Also, during oral argument before this Court, plaintiff's counsel impliedly conceded that defendants did not have actual notice of plaintiff's action against defendants when he argued that constructive notice is sufficient to bar relief under MCR 2.612(B).

---

[6] Despite the trial court's refusal to consider defendants' affidavits as part of defendants' motion to set aside the default judgment under MCR 2.603(D)(1), it is proper for this Court to consider the affidavits as part of our analysis of MCR 2.612(B). To begin with, there is no requirement that an affidavit of meritorious defense be filed at all, let alone that it must be filed simultaneously with the motion for relief from judgment under MCR 2.612(B). Also, MCR 2.119(C)(1) permits a court to modify the period for service of affidavits "for good cause." In this case, good cause existed because defendants did not unreasonably delay production of the affidavits: the motion to set aside the judgment was filed in an emergency fashion only 4 days after defendants first learned of the judgment against them, and defendants provided affidavits at the hearing on their motion to set aside the judgment, which was held 10 days after the motion was filed. Moreover, Thomas was out of the state for work during the period between defendants' first notice of the judgment and the filing of the motion. Finally, defendants also provided more detailed affidavits with their motion for reconsideration of the trial court's order denying the motion to set aside the default judgment. Therefore, we conclude that defendants' affidavits of meritorious defense may be considered as part of our application of MCR 2.612(B).

11

Finally, plaintiff's attempts to serve defendants were unlikely to provide defendants with actual knowledge of the action against them, even under the court rules permitting substituted service. Under MCR 2.105(I)(2), a motion requesting substituted service

> must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it.

"A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service," *Krueger*, 410 Mich at 168, and substituted service "is not an automatic right," *id.* at 159. Further, even if a motion for substituted service is granted, MCR 2.105(I)(1) requires that the substituted service be "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Thus, substituted service must be "'reasonably certain to inform those affected,'" and "the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509-510; 751 NW2d 453 (2008), quoting *Mullane*, 339 US at 315.

In this case, even assuming that plaintiff's attempt to personally serve defendants satisfied the diligent-inquiry requirement for seeking substituted service, the method of substituted service used was inadequate to provide defendants with *actual* knowledge of the action against them. Three of the trial court's four requirements involved mailing service to the address that the trial court and plaintiff already knew was no longer a

12

current address for defendants. And the trial court's fourth requirement, publishing a copy of the order in a Monroe County newspaper, was also unlikely to succeed given the significant limitations of publication alone as a successful form of providing any notice, let alone actual notice. See *Dow v Michigan*, 396 Mich 192, 207, 210; 240 NW2d 450 (1976) (stating that publication is unlikely to provide notice), and *Mullane*, 339 US at 315-317 (stating that publication alone is not a reliable means of providing notice). On the other hand, we have previously concluded that when "the specific whereabouts of a person is unknown, service of process by publication may be the most practicable and adequate method of service available." *Krueger*, 410 Mich at 166; see, also, *Sidun*, 481 Mich at 510-512 (discussing *Mullane*, 339 US 306, and *Jones v Flowers*, 547 US 220; 126 S Ct 1708; 164 L Ed 2d 415 [2006], and noting that, depending on any "unique information" about the intended recipient and the specific circumstances and conditions of the case, service by publication may be constitutionally sufficient with regard to parties whose addresses are unknown). Thus, it cannot be said with certainty that plaintiff's efforts were insufficient to provide constructive knowledge that passed constitutional muster. But in this case, publication in a Monroe County newspaper was particularly unlikely to provide defendants with *actual* knowledge of the action against them, given that defendants resided in Wayne County and performed the work in Monroe County in 2004 at the latest and that the advertised notice was not published in the newspaper until 2007.[7]

---

[7] Although MCR 2.106(D)(1) requires that notice be published in a newspaper in the county where the defendant resides, publication in the Monroe County newspaper arguably satisfied that requirement with respect to Richco despite the fact that Richco

Thus, although plaintiff's efforts may have been adequate to satisfy the requirements for granting a motion for substituted service and the subsequent substituted service may have been enough to provide defendants with sufficient *constructive* knowledge of the action against them to satisfy MCR 2.105(I)(1), we conclude that plaintiff's efforts were inadequate to provide defendants with *actual* knowledge as required by MCR 2.612(B). Thus, we conclude that defendants satisfied this requirement for relief from the default judgment under MCR 2.612(B).

## C. APPEARANCE WITHIN ONE YEAR AFTER FINAL JUDGMENT

Next, under MCR 2.612(B), defendants must have entered an appearance within one year after the final judgment. A default judgment is a final judgment. *Allied Electric Supply Co, Inc v Tenaglia*, 461 Mich 285, 288; 602 NW2d 572 (1999).[8] In this case, the default judgment against the defendants was entered on October 10, 2007, when the trial court granted plaintiff's motion and signed the default judgment. On April 16, 2008, defense counsel made a special appearance and filed an emergency motion to set aside the default judgment. On April 22, 2008, the trial court held a hearing on defendants'

---

was registered in Wayne County because when a corporation does not maintain its registered office, the corporation is "deemed to have a place of residence in the county where it exercises its corporate powers and transacts its business." *Flewelling v Prima Oil Co*, 291 Mich 281, 285; 289 NW 160 (1939). But because Ronald and Thomas are not corporations, and both lived in Wayne County, it is unlikely that publication in Monroe County was sufficient to provide actual notice to the individual defendants.

[8] Although the two dissenting justices in *Allied Electric*, 461 Mich at 291-292 (MARILYN KELLY, J., dissenting), continue to adhere to their position in that case, the disagreement between the majority and dissenting positions in *Allied Electric* is of no moment in this case.

14

motion.  Thus, defendants made an appearance well within one year after the default judgment.

## D.  REASON JUSTIFYING RELIEF FROM THE JUDGMENT

Defendants also must show "reason justifying relief from the judgment . . . ."  MCR 2.612(B).  This Court has not previously considered what is required to justify relief in the context of this court rule.  However, it is clear that a defendant seeking relief under MCR 2.612(B) need not show mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party because MCR 2.612(C) provides for relief from a judgment on those grounds.  Indeed, MCR 2.612(C)(3) expressly states that subrule (C) "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] to grant relief to a defendant not actually personally notified as provided in subrule (B) . . . ."

In one of the few published opinions applying either MCR 2.612(B) or its predecessor, GCR 1963, 528.2, the Court of Appeals in *Nat'l Car*, 89 Mich App at 368-369, relied on Honigman & Hawkins, p 180, to provide further clarification of the requirement of a "reason justifying relief" and concluded that a defendant must only show that it did not have actual notice of the action and that a meritorious defense to the action exists.  *Nat'l Car*'s conclusion is further supported by Longhofer, § 2612.8, p 505, which explains that

> [t]he requirement of showing "reason justifying relief" was intended
> substantially to restate the requirement of "showing a meritorious defense"
> applied in connection with setting aside default judgments. . . .  [F]ailure to

15

receive actual notice is itself sufficient ground for relief of default judgment, if the defendant can show that he or she has a meritorious defense . . . .

This interpretation of what is required to satisfy MCR 2.612(B) is consistent with the other court rules addressing relief from a default judgment. Under MCR 2.603(D)(1), a party seeking to set aside a default judgment must satisfy two separate and distinct requirements: (1) good cause for the failure to respond to the complaint and (2) a meritorious defense. *Alken-Ziegler*, 461 Mich at 229. However, MCR 2.603(D) states twice that MCR 2.612 provides an exception to its requirements for setting aside a default judgment. MCR 2.603(D)(2) ("Except as provided in MCR 2.612 . . . ."); MCR 2.603(D)(3) ("In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612."). Thus, we conclude that a defendant may satisfy the requirement of a "reason justifying relief from the judgment" by showing that he or she (1) did not have actual notice of the action and (2) has a meritorious defense.

In this case, as previously explained, defendants did not have actual notice of the action. See part III(B). Defendants have also presented facts and arguments showing meritorious defenses to plaintiff's breach of contract and fraud claims sufficient to justify relief from the default judgment.

By forcefully contesting the damages awarded to plaintiff, defendants have presented facts showing a meritorious defense to plaintiff's contract claim sufficient to justify relief from the judgment under MCR 2.612(B). "In actions for breach of contract, . . . in order to recover substantial damages the plaintiff must offer evidence from which the loss can be computed with reasonable certainty." *Vandenberg v Slagh*,

16

150 Mich 225, 229; 114 NW 72 (1907). In this case, the only support for the contract damages award of more than $370,000 was the testimony of a single witness who was employed by plaintiff. According to the record, that hearing was conducted over the course of six minutes, and no documentary evidence supporting the witness's testimony regarding the contract damages was introduced. Furthermore, the witness provided no support for the award of contractual interest, prejudgment interest, attorney fees, or costs. Rather, the only support for those damages was the statements of plaintiff's counsel on the record. Indeed, plaintiff's counsel conceded at oral argument before this Court that "[t]here was no documentary evidence presented to the trial court . . . ." In fact, the only explanation plaintiff's counsel offered to support plaintiff's claim for contractal interest in this oral contract case was that it was his "understanding . . . that the contract interest was basically agreed upon by the parties . . . ." The documentary evidence in the record supporting the damages award is insufficient to allow calculation of the damages with reasonable certainty and, thus, the individual and corporate defendants in this case have a meritorious defense to plaintiff's breach of contract claim.

Defendants have also noted several fundamental deficiencies in plaintiff's fraud claim that constitute a meritorious defense to those claims. Generally, in order to establish an actionable fraud claim, a plaintiff must show

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [*Scott v Harper Recreation, Inc*, 444 Mich 441, 446 n 3; 506 NW2d 857 (1993) (quotation marks and citations omitted).]

17

Furthermore, fraud requires a misrepresentation about the past or present. *Hi-Way Motor Co v Int'l Harvester*, 398 Mich 330, 336, 339; 247 NW2d 813 (1976). Finally, MCR 2.112(B)(1) requires that fraud allegations be stated with particularity.

We conclude that defendants have presented sufficient facts showing a meritorious defense against plaintiff's fraud allegations given that plaintiff may not have stated its fraud claim with particularity under MCR 2.112(B)(1) because plaintiff did not allege in its complaint that defendants made a misrepresentation about the past or the present. Instead, the support for plaintiff's fraud allegation addressed only what defendants "would" do in the future. Furthermore, plaintiff's complaint only referred to Thomas's and Ronald's conduct; therefore, it appears that there may be no basis for a fraud claim against defendant Richco. In addition, defendants' argument that plaintiff's fraud allegations are merely mislabeled contract claims also represents a meritorious defense to the fraud claim because a plaintiff generally cannot maintain an action in tort for nonperformance of a contract. *Ferrett v Gen Motors Corp*, 438 Mich 235, 242; 475 NW2d 243 (1991). Finally, defendants have presented an argument representing a meritorious defense to plaintiff's claim that defendants fraudulently filed a construction lien on plaintiff's property. Defendants argue that they filed the lien in accordance with the applicable laws only after plaintiff refused to pay them for the work that defendants had performed. Therefore, we conclude that defendants have presented facts and arguments representing meritorious defenses sufficient to satisfy the requirement of MCR 2.612(B) that the defendant show a reason justifying relief from the judgment.

18

## E.  PREJUDICE TO THIRD PARTIES

Finally, defendants must show that "innocent third persons will not be prejudiced" if the default judgment is set aside.  MCR 2.612(B).  Because this case involves a contract dispute and all the parties to the contract were also parties to this action, it appears that no third parties would be prejudiced if the default judgment were to be set aside.  Also, there is no evidence in the record that any third parties have an interest in this case.  Thus, we conclude that this requirement is met.

## IV.  CONCLUSION

We hold that the trial court abused its discretion when it concluded that defendants were personally notified of the default judgment against them.  We also hold that defendants are entitled to relief from the default judgment under MCR 2.612(B) because defendants satisfied each of the five elements within that court rule.  Thus, we reverse and remand the case to the trial court for further proceedings consistent with this opinion.


Michael F. Cavanagh
Robert P. Young, Jr.
Marilyn Kelly
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra

19

STATE OF MICHIGAN

SUPREME COURT

LAWRENCE M. CLARKE, INC.,

       Plaintiff-Appellee,

v

No. 140683

RICHCO CONSTRUCTION, INC., and
RONALD J. RICHARDS, JR.,

       Defendants-Appellants.

_____

MARILYN KELLY, J. (*concurring*).

I concur fully with the majority opinion. I would explicitly instruct trial courts that substituted service should not be permitted in cases like this one absent a showing that counsel made reasonable use of Internet search tools. I would add such a requirement by amending MCR 2.105(I).

In 2011, electronic technology has greatly improved the likelihood of locating a defendant. How can someone establish that he or she has made a diligent but unsuccessful effort to locate another party unless, at a minimum, a cursory Internet search can be demonstrated?

This case provides an apt illustration. In part by executing an Internet search, plaintiff was able to locate defendants in relatively short order after the default judgment was entered. Defendants demonstrated that a five-minute Google search for the individual defendants, even with the limited information available to plaintiff, would have led to their longtime home addresses.

With these observations, I join the majority's opinion.

                                  Marilyn Kelly

STATE OF MICHIGAN

SUPREME COURT

LAWRENCE M. CLARKE, INC.,

       Plaintiff-Appellee,

v                                      No. 140683

RICHCO CONSTRUCTION, INC., and
RONALD J. RICHARDS, JR.,

       Defendants-Appellants.

_____

HATHAWAY, J. (*concurring*).

I agree with the majority that the trial court abused its discretion by failing to set aside the default judgment because defendants were entitled to relief from the judgment under MCR 2.612(B). The majority opinion "assume[s] arguendo" that personal jurisdiction was acquired over defendants.[1] I write separately because I do not believe that a court can properly determine whether defendants are entitled to relief under MCR 2.612(B) without first establishing that personal jurisdiction was in fact acquired over the defendants.

MCR 2.612(B) provides:

> *A defendant over whom personal jurisdiction was necessary and acquired*, but who did not in fact have knowledge of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, *the court may relieve the*

_____

[1] *Ante* at 9.

*defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary*, on payment of costs or on conditions the court deems just. [Emphasis added.]

The language of the rule is clear. In order to afford relief under MCR 2.612(B), the first issue that must be decided is whether personal jurisdiction was acquired over the defendant. If a court determines that personal jurisdiction was necessary and acquired, the court may provide relief, assuming the additional requirements of the rule are met. If the court determines that personal jurisdiction was not acquired, a party is not entitled to relief under MCR 2.612(B); rather, the judgment is void and the party may seek relief under MCR 2.612(C)(1)(d). The treatise Michigan Court Rules Practice explains:

> MCR 2.612(B) does not apply to cases in which the court lacked personal jurisdiction over the defendant, but such jurisdiction was required for entry of a valid judgment. In those cases the judgment is void and relief may be obtained at any time under MCR 2.612(C)(1)(d). [3 Longhofer, Michigan Court Rules Practice (5th ed), § 2612.8, p 505.]

In this case, the facts as set forth in the majority opinion demonstrate that plaintiff made diligent efforts to locate and serve defendants. When plaintiff was unable to effectuate service, it properly applied to the trial court for substituted service, which the trial court appropriately allowed.[2] The trial court's order allowing for substituted service was in accordance with the well-established procedures set forth in the court rules.[3] Thus, substituted service on defendants was effectuated in accordance with the court rules.

---

[2] MCR 2.105(I).

[3] *Id.*; MCR 2.106.

Due process requires that service of process be reasonably calculated under the circumstances to provide the defendant with notice of the lawsuit.[4] However, due process does not require that actual notice be given in every case; instead, constructive notice is permitted.[5] The Court of Appeals correctly noted that because "the court rules pertaining to service of process are intended to satisfy due process requirements, a party who serves process consistently with those rules will, generally, comport with due process requirements. See MCR 2.105(J)."[6] There is nothing in the record to indicate that these defendants were not afforded due process. Accordingly, I would specifically hold that personal jurisdiction was in fact acquired over defendants, thus allowing the trial court to consider providing relief under MCR 2.612(B).

In this case, all the requirements of MCR 2.612(B) had been met. Defendants' motion was filed within one year of the judgment, defendants did not in fact have knowledge of the pendency of the action, defendants have shown reasons justifying relief from the judgment, and no innocent third persons will be prejudiced. Thus, the trial court abused its discretion by failing to set aside the default judgment, and defendants are entitled to relief. Therefore, I agree with the majority that this matter should be remanded to the trial court for further proceedings.

Diane M. Hathaway

---

[4] See *Krueger v Williams*, 410 Mich 144, 156; 300 NW2d 910 (1981).

[5] *Id*.

[6] *Lawrence M Clarke, Inc v Richco Constr, Inc*, unpublished opinion per curiam of the Court of Appeals, issued November 17, 2009 (Docket No. 285567), p 3.