# STATE OF MICHIGAN

# COURT OF APPEALS

---

KEN BOWERS,

       Plaintiff/Counter-Defendant-
       Appellant,

v

D&M LOGISTICS, INC., AMERICA'S
TRANSPORTATION RESOURCES, LLC, and
DAVID MENKE,

       Defendants/Counter-Plaintiffs-
       Appellees.

UNPUBLISHED
September 15, 2016

No. 327612
Oakland Circuit Court
LC No. 2014-140063-CZ

---

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition in this breach of contract and fraud case arising out of a failed business relationship. We affirm.

In about 2003, plaintiff and defendant David Menke began discussing the possibility of going into business together. Plaintiff had been employed by a trucking company and Menke operated defendant America's Transportation Resources, LLC (ATR), which provides temporary truck drivers to trucking companies, as well as safety consulting services. In 2004, defendant D&M Logistics, Inc. (D&M) was established, which is a trucking company that provides commercial transportation services. But D&M owns no trucks and employs no truck drivers; trucks are leased from commercial leasing companies and truck drivers are leased from ATR. The sole shareholder of D&M is Menke. However, plaintiff loaned $17,000 to D&M and, in return, plaintiff was granted a promissory note and an option agreement to purchase shares of D&M. The documents were executed on April 8, 2004 and, according to the terms of the option agreement, plaintiff was required to "elect to convert the loan" by April 8, 2007.

In February 2007, plaintiff became an employee of ATR, as its Vice President of Sales and Marketing. While plaintiff did not formally exercise his option under the option agreement with regard to D&M on or before April 8, 2007, plaintiff claims that the option term was discussed with Menke and informally or orally extended. During his employment with ATR, plaintiff experienced a salary decrease for a period of time because of the company's financial difficulties, and insurance premium issues. Plaintiff was eventually terminated from ATR by

-1-

letter dated April 16, 2012, and his termination was effective April 30, 2012. Then, by letter dated April 23, 2012, plaintiff notified D&M "that in accordance with the terms of the promissory note," the note was "in default and is now due and payable in full including accrued interest immediately." In September 2012, D&M forwarded payment to plaintiff.

In April 2014, this lawsuit was filed. In Count I, plaintiff alleged a breach of contract claim premised, in part, on the option agreement which, "although originally intended to expire in 2007, was extended by the parties on several occasions and was in full force and effect through May of 2012," including at the time plaintiff was terminated. Plaintiff also alleged that his "employment contract" was breached by his termination. In Count II, plaintiff brought a fraud claim and alleged that defendants extended the option agreement "to encourage Plaintiff's employment with Defendants" and then terminated plaintiff to prevent him from exercising his option rights. In Count III, plaintiff alleged a "claim and delivery" claim because plaintiff's property and materials were retained by defendants after his termination.

Defendants answered plaintiff's complaint, and defendants Menke and D&M filed a counterclaim against plaintiff, alleging that plaintiff was a party to an indemnification agreement and was obligated to indemnify, defend, and hold harmless Menke and D&M against these claims arising from plaintiff's investment as set forth in that agreement. Defendant ATR also filed a counterclaim against plaintiff, raising "claim and delivery" and negligence claims, and alleging that plaintiff was improperly in possession of items owned by ATR and was negligent in the performance of his employment duties.

Subsequently, defendants filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's complaint should be dismissed. With regard to Count I, defendants argued, plaintiff did not have an employment contract with ATR; he was an at-will employee. Further, plaintiff did not exercise his option under the option agreement; instead, he eventually elected payment under the terms of the promissory note. Thus, plaintiff's breach of contract claims failed as a matter of law. With regard to Count II, defendants argued, plaintiff's fraud claim was premised on the purported failure to perform a contract which cannot constitute actionable fraud and, further, such claim would be time-barred. And, defendants' argued, Count III must be dismissed because all property had been returned by the parties.

Plaintiff responded to defendants' motion for summary disposition, arguing that dismissal was precluded because "multiple questions of fact" existed with regard to his breach of contract and fraud claims. There were questions of fact regarding whether the option agreement had been extended to 2012 and, thus, regarding whether there was a breach of contract and fraud committed in that regard. Further, plaintiff argued, there were questions of fact with regard to the terms of his employment with ATR. And contrary to defendants' argument, plaintiff's demand under the promissory note was not the only remedy to which plaintiff was entitled.

Defendants replied to plaintiff's response to their motion for summary disposition, arguing that plaintiff failed to address most of the arguments raised in their motion and, thus, should be deemed conceded. That is, in summary, plaintiff was an at-will employee of ATR; plaintiff failed to exercise his option under the option agreement; his fraud claims involved performance under a contract and were not actionable; his fraud claims were time-barred; and all of his property had been returned. Further, it was undisputed that plaintiff did not elect to

enforce any performance allegedly owed under the option agreement but instead exercised his rights under the promissory note. Accordingly, defendants argued, summary disposition was proper.

On April 1, 2015, following oral arguments on defendants' motion for summary disposition, the court granted the motion. The court noted that plaintiff did not dispute that the promissory note was paid and did not identify any express employment contract. Further:

> Under the terms of the Option Agreement, in order to exercise the option to convert the note into D&M shares, Plaintiff was required to: (1) issue a written demand (para 4) before April 8, 2007 (para 3); (2) discontinue his employment with the other employer; (3) accept employment at D&M, and (4) enter into a shareholder agreement with D&M (para 3). It is undisputed that he did none of these things.

> Although Plaintiff claims that his breach of contract claim is based on Defendant's failure to allow him to exercise the option to convert into D&M shares, Plaintiff was the one that held the option to declare the note due and payable upon default. And Plaintiff did just that on April 23, 2012. And Plaintiff does not dispute or present any evidence to establish that the $18,500 check and the interest only payments of $2,240 (on December 12, 2008) and $4,080 (on June 1, 2011) did not represent a full and final payment on the promissory note.

> Because Plaintiff accelerated the note and fails to establish a question of fact that the aforementioned payments constituted a full and final payment of the promissory note, he cannot base any breach of contract claim on the promissory note or the option agreement. This is so because the note was fully repaid. As a result, whether the parties verbally agreed to extend the option does not matter once Plaintiff received a full payment on the note. At this point, Plaintiff elected to get repaid on the note (rather than exercise any option). In other words, there was nothing to convert and Defendants cannot be liable for a breach of an unelected option. [(Footnote omitted).]

The trial court concluded that, even viewing the evidence in a light most favorable to plaintiff, defendants were entitled to summary disposition of plaintiff's breach of contract claims as a matter of law.

Further, because plaintiff's fraud claim was "founded on the allegation that Menke never intended to allow Plaintiff to exercise his option," which relates to the performance of a material contract term, it could not serve as a basis for a tort claim. And, in any case, plaintiff failed to establish damages because—even if the option was verbally extended as plaintiff claimed—he instead exercised his option to be repaid on the promissory note and it was paid in full. Thus, plaintiff failed to establish that a material question of fact existed and his fraud claim was dismissed. And Count III of plaintiff's complaint was dismissed because plaintiff failed to contest its dismissal. Accordingly, defendants' motion for summary disposition was granted and plaintiff's complaint was dismissed. Thereafter, an order was entered granting defendants'

motion for summary disposition and dismissing defendants' counterclaims. This appeal followed.

Plaintiff argues that questions of fact precluded summary disposition in defendants' favor on his breach of contract and fraud claims; thus, the trial court's dismissal order must be reversed. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010). A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court considers documentary evidence filed by the parties in the light most favorable to the opposing party and, if no genuine issue regarding any material fact is established, the moving party is entitled to judgment as a matter of law. *Id*.

First, we consider plaintiff's breach of contract claims. In Count I of his complaint, plaintiff alleged that his "employment contract" was breached by his termination and that the option agreement, which had been extended by the parties, was also breached. In granting defendants' motion for summary disposition, the trial court held that (1) plaintiff failed to identify any express employment contract; and (2) even if the option agreement had been extended by the parties as plaintiff had argued, it was undisputed that plaintiff failed "to exercise the option to convert the note into D&M shares" in the manner set forth in the option agreement; instead, plaintiff declared the promissory note due and it was, in fact, paid.

On appeal, plaintiff does not address the trial court's conclusions. Instead, plaintiff repeats the same confusing arguments—almost word for word—that had been raised in response to defendants' motion for summary disposition. Plaintiff argues that "to the extent there are questions of fact regarding the execution and/or extension of the option agreement there must also necessarily be questions of fact related to the breach of contract claims." This statement is not accurate. As the trial court held, even if it is assumed that the option agreement was extended to 2012, it was undisputed that plaintiff never, in fact, attempted to exercise the option.

"An option contract is an enforceable promise not to revoke an offer." *In re Smith Trust*, 480 Mich 19, 25; 745 NW2d 754 (2008), quoting 17 CJS, Contracts, §55, p 502. In this case, the offer was that plaintiff could convert his $17,000 loan to D&M into 100 common shares of that company, if certain conditions were met. There is no evidence that plaintiff ever attempted to accept that offer and there is no evidence that the offer was revoked. In other words, plaintiff never attempted to exercise the option in the manner set forth in the agreement and defendants never refused. Therefore, the trial court properly held that plaintiff failed to establish that a genuine issue of material fact existed regarding whether defendants breached the option agreement. Further, plaintiff's breach of contract claim premised on an alleged employment contract was properly dismissed because, as the trial court held, plaintiff failed to present evidence of any such employment contract.

Next, we consider plaintiff's fraud claim. In granting defendants' motion for summary disposition, the trial court held that plaintiff's fraud claim was "founded on the allegation that Menke never intended to allow Plaintiff to exercise his option," which relates to the performance of a material contract term and, thus, could not serve as a basis for a tort claim. On appeal,

-4-

again, plaintiff does not address the trial court's holding. And plaintiff, again, repeats the same confusing arguments—almost word for word—that had been raised in his trial court brief.

It appears that, essentially, plaintiff's fraud claim is premised on the arguments that Menke told him that (1) the option agreement would be extended, and (2) the option agreement would not be performed even if plaintiff exercised the option to convert his loan into D&M shares. According to plaintiff, Menke had told him: "the transaction could not move forward," "the company was not yet ready to issue stock," "the books were not ready," and "the stock agreement had to be prepared." However, "a plaintiff generally cannot maintain an action in tort for nonperformance of a contract." *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 284; 803 NW2d 151 (2011). Further, it is well-established that future promises are contractual in nature and cannot form the basis of a fraud claim. See *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 336; 247 NW2d 813 (1976). Plaintiff has neither argued nor demonstrated that any alleged misrepresentations were extraneous to the purported contractual dispute between the parties.[1] See *Huron Tool & Eng Co v Precision Consulting Servs, Inc*, 209 Mich App 365, 373; 532 NW2d 541 (1995) (citation omitted). Accordingly, the trial court properly granted defendants' motion for summary disposition with regard to plaintiff's fraud claim. In summary, plaintiff's complaint was properly dismissed.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood

---

[1] "Under the doctrine of repudiation or anticipatory breach, if, before the time of performance, a party to a contract unequivocally declares the intent not to perform, the innocent party has the option to either sue immediately for the breach of contract or wait until the time of performance." *Stoddard v Mfrs Nat'l Bank of Grand Rapids*, 234 Mich App 140, 163; 593 NW2d 630 (1999).