*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROLAND TINDLE, D.O.,

Plaintiff-Appellee,

FOR PUBLICATION
April 20, 2023

v

No. 360861
Oakland Circuit Court
LC No. 2021-190848-CB

LEGEND HEALTH, PLLC, and
COMPLETE CARE CENTER, PC,

Defendants-Appellants.

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I concur with the majority in reversing the trial court's denial of defendant Legend Health, PLLC's (Legend Health) motion to set aside the default judgment. I write separately (1) to offer my alternative rationale, and (2) because I would go farther (than does the majority) and would also reverse the trial court's denial of defendant Complete Care Center, PC's (Complete Care) motion to set aside the default judgment.

In short, the trial court never obtained personal jurisdiction over defendants; for that reason alone, the default judgment should be set aside in its entirety. Moreover, and while I agree that both defendants have established good cause to set aside the default judgment and that defendant Legend Health established a meritorious defense to plaintiff's allegations, so too did defendant Complete Care Center, PC., (Complete Care). Consequently, even if the trial court obtained personal jurisdiction over defendants, the default judgment should be set aside not only with respect to Legend Health but additionally with respect to Complete Care.

## I. PERSONAL JURISDICTION

As our Supreme Court has observed:

A court "cannot adjudicate [an in personam] controversy without first having obtained jurisdiction [over the] defendant by service of process. . . ." *Eisner v Williams,* 298 Mich 215, 220, 298 NW 507 (1941). A court must obtain personal jurisdiction over a defendant in order to "satisfy the due process requirement that a

defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1). "The fundamental requisite of due process of law is the opportunity to be heard. . . . This right to be heard has little reality or worth unless one is informed that the matter is pending. . . ." *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 314, 70 S Ct 652, 94 L Ed 865 (1950) (quotation marks and citation omitted). [*Lawrence M Clark, Inc v Richco Construction, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011).]

I agree with the majority that plaintiff never properly served defendants with process.[1] Consequently, the trial court never obtained personal jurisdiction over defendants. *Id.* And because the trial court never obtained personal jurisdiction over defendants, the "good cause" and "affidavit of meritorious defense" requirements of MCR 2.603(D)((1) ("[a] motion to set aside a default or a default judgment, *except when grounded on lack of jurisdiction over the defendant*, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense . . . is filed") (emphasis added) were simply inapplicable.[2]

When, as here, personal jurisdiction was never obtained over defendants, the proper remedy is to deem the judgment void under MCR 2.612(C)(1)(d) ("the court may relieve a party . . . from a final judgment . . . on the following grounds: . . . (d) The judgment is void."). See 3 Longhofer, *Michigan Court Rules Practice* (5th ed), § 2612.8, p 505 ("MCR 2.612(B) does not apply to cases in which the court lacked personal jurisdiction over the defendant, but such jurisdiction was required for entry of a valid judgment. In those cases the judgment is void and relief may be obtained at any time under MCR 2.612(C)(1)(d).")[3]. Consequently, because service

---

[1] Respectfully, in my view, the majority conflates "process" with "service of process" in evaluating the "good cause requirement of MCR 2.603(D)(1). That is, the majority characterizes service of process as one of the factors to consider in evaluating whether there is "good cause" to set aside a default judgment, citing *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008) (listing as one of the "good cause" factors "whether there was defective process or notice.") But "process" is not the same as "service of process." "Process" is this context is defined as "[a] summons or writ, esp. to appear or respond in court." Black's Law Dictionary (7th ed), p 1222; see also, Garner, *A Dictionary of Modern Legal Usage* (2d ed, 1995), p 698; *People v Lawrence*, 246 Mich App 260, 265-266 and n 3 (2001). By contrast, "service of process" refers to the act of serving the summons on the defendant. As I will describe, and although defective *process* may be a "good cause" factor under MCR 2.603(D)(1), when *service of process* is lacking, personal jurisdiction is not obtained and any resulting judgment is void. MCR 2.612(C)(1)(d).

[2] Similarly, MCR 2.612(B)—which provides a mechanism for securing relief from a final judgment under certain circumstances—was inapplicable because that rule also only applies with respect to "[a] defendant over whom personal jurisdiction was necessary *and acquired.*" MCR 2.612(B).

[3] The same should hold true with respect to MCR 2.603(D); that is, when personal jurisdiction is not obtained, the judgment is void and relief from the judgment is properly granted under MCR 2.612(C)(1)(d).

of process was never properly effected, the trial court never obtained personal jurisdiction over defendants and the resulting default judgment was void in its entirety under MCR 2.612(C)(1)(d).

## II. MERITORIOUS DEFENSE – COMPLETE CARE

Alternatively, even if personal jurisdiction were found or assumed to have been obtained, I conclude that Complete Care (like Legend Health) established a meritorious defense under MCR 2.603(D)(1), such that the default judgment against it should also be set aside.

As the majority indicates, defendants submitted the affidavit of Syed Ali Karim in support of their motion to set aside the default judgment. The affidavit attested, in part, that (1) "Legend Health commenced discussions with Plaintiff regarding the purchase of a building and the business of Complete Care"; and (2) "Plaintiff and Legend Health entered into a Stock Purchase and Sale Agreement" (the Agreement). As the majority recognizes, the clear implication of these assertions is that Complete Care was the *subject* of the Agreement, not a party with contractual obligations. Yet, the majority concludes that the affidavit "lacks any particular facts about Complete Care's proffered defense," and therefore upholds the trial court's denial of Complete Care's motion to set aside the default judgment.

In my judgment, the majority reads the affidavit far too narrowly. It also ignores the facile nature of plaintiff's argument on appeal in this respect. I quote plaintiff's argument from its appellate brief in its entirety:

**iii.     Appellant Complete Care's Alleged Meritorious Defense**

Appellant Complete Care argues that it is not a party to the Agreement. This is not true. Appellant Complete Care is listed as a party in the first paragraph of the Agreement. (*Appellants' Appendix, Agreement, pg. 75*).

Moreover, the majority ignores the indisputable reality as revealed in the Agreement itself—which was appended to the affidavit filed in support of defendants' motion to set aside the default judgment. The Agreement:

● was entitled "Stock Purchase and Sale Agreement";

● identified (in its preamble paragraph) plaintiff as the "Seller," Legend Health as the "Purchaser," and Complete Care as "Company";

● indicated that "the Seller and Purchaser wish to enter into an agreement pursuant to which the Purchaser will acquire all of the stock of Company from the Seller";

● set forth the terms and conditions of that transaction, including the duties and obligations of the Seller and the Purchaser;

● provided that "this Agreement has been duly executed by the parties hereto as of the Effective Date first above written"; and

-3-

● was signed by (and only by) plaintiff as "Seller" and Legend Health as "Purchaser.

A fair reading of the affidavit would permit its clear implication that Complete Care was not a party with contractual obligations under the Agreement. And under no reading of the Agreement itself did Complete Care (which until the execution of the Agreement was owned by plaintiff) assume any contractual obligations to plaintiff.[4] Yet the default judgment—which the majority allows to stand—affords plaintiff a monetary judgment against Complete Care in the amount of $25,501.26 plus interest.[5]

I would hold, independent of the void nature of the default judgment due to lack of personal jurisdiction, that Complete Care, like Legend Health, adequately established a meritorious defense, and I would reverse the trial court's order denying defendant's motion to set aside the default judgment as to both defendants.


/s/ Mark T. Boonstra

---

[4] Plaintiff's complaint alleged that Complete Care breached the Agreement by failing to pay plaintiff for his services as an employed physician for a period of three months after the Agreement was signed, and that this breach had caused monetary damages in the amount of $25,501.26. However, Complete Care had no such obligation under the Agreement. Rather, the Agreement provided that Legend Health would provide, at closing, "[a]n Employment Agreement between Purchaser and Seller, under which Purchaser shall employ Seller as medical director . . . for a period of 90 days after Closing." Plaintiff did not attach an employment agreement to its complaint or allege a breach of any employment agreement. Moreover, under the terms of the Agreement, any obligation to employ and pay plaintiff was Legend Health's (as Purchaser) rather than Complete Care's.

[5] In my judgment, the totality of these circumstances overrides any ambiguity that arguably arose from the language of the Agreement's preamble, which described the Agreement as "by and between" Legend Health, Complete Care, and plaintiff.