*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CONCERNED PARENTS OF EMMET COUNTY,

        Plaintiff-Appellant,

UNPUBLISHED
September 14, 2023

v

HEALTH DEPARTMENT OF NORTHWEST
MICHIGAN,

        Defendant-Appellee.

No. 362245
Emmet Circuit Court
LC No. 21-107491-CZ

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Although the public health emergency regarding the COVID-19 pandemic is behind us, the litigation arising from it is not. In this case, plaintiff filed a complaint seeking declaratory and injunctive relief challenging defendant's authority to enter a public-health order mandating that schools under its jurisdiction require all students in Kindergarten though 12th grade to wear face masks in school. Plaintiff filed its original complaint on November 24, 2021. At the same time, plaintiff filed a motion for an emergency temporary restraining order to prohibit schools from enforcing the local health department mask mandate.[1]

On December 28, 2021, an order was entered on the parties' stipulation that extended the deadline for the filing of defendant's responsive pleading until 21 days after plaintiff filed and served a first amendment complaint. On February 25, 2022, the trial court issued a notice of proposed dismissal for lack of progress. On March 23, 2022, plaintiff filed but did not serve its first amended complaint. On March 25, 2021, the trial court entered an order of dismissal for lack of progress. Plaintiff subsequently moved for relief from the dismissal, which was denied. Plaintiff now appeals and we reverse and remand.

---

[1] The Register of Actions does not reflect that the trial court acted on this motion. Plaintiff's counsel stated at a motion hearing that he had received a telephone call informing him that the motion was denied.

The February 25, 2021, notice of proposed dismissal stated as follows:

> Plaintiffs filed the above action on November 24, 2021. No action or steps have been taken in the proceedings for more than 91 days. Pursuant to MCR 2.502, notice is hereby given that this action will be dismissed for lack of progress 28 days from the date of this notice.

MCR 2.502(A)(1) provides as follows:

> On motion of a party or on its own initiative, the court may order that an action in which no steps or proceedings appear to have been taken within 91 days be dismissed for lack of progress unless the parties show that progress is being made or that the lack of progress is not attributable to the party seeking affirmative relief

The issue before us involves the interpretation and application of a court rule, which we review de novo. See *Lawrence M Clarke, Inc v Richco Construction, Inc*, 485 Mich 265, 272; 803 NW2d 151 (2011). The trial court's decision regarding the dismissal for lack of progress and denial of reinstatement is reviewed for an abuse of discretion. *Wickings v Artic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2000).

We first note that the notice's statement that no action or steps had been taken for more than 91 days is erroneous. The stipulation and order were filed 34 days after the complaint was filed. And 85 days later plaintiff filed its first amended complaint. Second, and more importantly, the notice of proposed dismissal required plaintiff to take an "action or step" by 28 days after the notice. That is to say, plaintiff had to take action by March 25, 2022. Plaintiff filed its first amended complaint on March 23, 2022, two days before the deadline.

At the hearing on plaintiff's motion for relief from the order of dismissal, after reviewing the time-line of events, the trial court denied the motion:

> So, for those reasons, the Court has considered the request to reinstate the complaint. I am not going to do that. I do not think there is good cause for me to do that and - for a number of reasons; first that the issue that's before the Court is no longer of merit. The mask mandate has been rescinded at this point in time and also because the way the amended complaint stands right now, it would fail for lack of standing.

The trial court erred both in dismissing this case for lack of progress and in denying reinstatement.

First, as noted above, 91 days did not elapse without plaintiff taking some action. Second, the notice of proposed dismissal required plaintiff to take action within 28 days of the notice. Plaintiff took action on day 26 by filing an amended complaint. In its decision, the trial court

noted that plaintiff did not notice or serve the amended complaint at the time it was filed.[2] But nothing in the notice of proposed dismissal required these additional steps. Simply put, plaintiff was required to take action by the deadline and plaintiff acted.

On June 1, 2022, in dismissing the case and denying the motion to set the dismissal aside, the trial court found a lack of good cause to reinstate the complaint.[3] Had plaintiff missed the March 25 deadline to take action, then perhaps plaintiff would have had to show good cause for missing the deadline. And the trial court could have assessed the reasonableness of the failure. But, plaintiff did not miss the deadline and, therefore, there was no need to show good cause. Rather, the trial court essentially ruled on a motion for summary disposition that was not before it, concluding that the complaint lacked merit because the mask mandate had by that point been rescinded, and similar cases in other counties were dismissed for a lack of standing because there were no named plaintiffs. Although defendant in its response to the motion to reinstate, as well as in its brief on appeal, argued mootness and standing, this was not a hearing on a motion for summary disposition based on mootness and standing.[4]

As this Court observed in *Wickings*, 244 Mich App at 139, there is "scant case law addressing reinstatement under this court rule" and that the case law "does not formally define a test for determining when good cause to reinstate an action exists." The Court then reviewed the few cases that identified factors to be considered as well as cases decided under the similar, but not identical, prior GCR 1963, 501.3. The common thread in those decisions is the reasons for the lack of progress, not the potential merit of the case itself. *Wickings*, 244 Mich App at 141-142, also noted that a party cannot be deemed to have "failed to make progress when, in fact, the court itself failed to prescribe the progress it desired to see," and good cause to reinstate is thus shown. This principle would reject the trial court's conclusion that plaintiff's failure to *serve* the amended complaint by the March 25, 2022 (deadline posed in the notice of proposed dismissal) is a basis for concluding that there was a lack of progress.

For these reasons, we conclude that the trial court abused its discretion in dismissing this case for lack of progress as well as its refusal to reinstate the case. The requirement of 91 days elapsing without action being taken so as to trigger the no-progress rule did not occur. Moreover, in the motion for reinstatement, the trial court erred by focusing on (1) the underlying merits of the case and (2) plaintiff's failure to serve the amended complaint by the deadline posed in the

---

[2] The proof of service in the lower court file indicates that the first amended complaint was served on April 4, 2022, or 12 days after the first amended complaint was filed.

[3] MCR 2.502(C) provides that a trial court may reinstate a case dismissed for lack of progress upon a "motion for good cause . . . upon terms the court deems just."

[4] The trial court did ask plaintiff's counsel about the mootness issue at the reinstatement hearing. Plaintiff's counsel acknowledged that defendant had raised the mootness question seven days previously and that counsel did not believe that the issue "should be addressed on the fly" but was willing to provide an argument if the trial court wished. Counsel also noted that it was not afforded the opportunity to brief the issue.

notice of proposed dismissal when the trial court did not identify that requirements in previous orders.

Because we conclude that the issues of mootness and standing are not germane to the issue of whether there was a lack of progress, we decline to address them on this appeal. Defendant is, of course, free on remand to file a motion for summary disposition raising those issues if it so desires.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney